# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JUXTACOMM TECHNOLOGIES, INC., § § § Plaintiff. § § CIVIL ACTION NO. 2:07-cv-359-TJW v. § § JURY DEMANDED ASCENTIAL SOFTWARE § CORPORATION, ET AL., § § Defendants. § | |

## ASCENTIAL, DATAMIRROR AND IBM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendants Ascential Software Corporation ("Ascential"), Data Mirror, Inc. ("DataMirror") and International Business Machines Corporation ("IBM") (collectively, "the IBM defendants") answer the allegations of plaintiff JuxtaComm Technologies, Inc.'s ("JuxtaComm") First Amended Complaint as follows:

## The Parties

1. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the First Amended Complaint, and therefore deny same.

2. The IBM defendants admit the allegations of paragraph 2 of the First Amended Complaint.

3. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the First Amended Complaint, and therefore deny same.

4. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint, and therefore deny same.

5. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the First Amended Complaint, and therefore deny same.

6. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the First Amended Complaint, and therefore deny same.

7. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the First Amended Complaint, and therefore deny same.

8. The IBM defendants admit the allegations of paragraph 8 of the First Amended Complaint.

9. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the First Amended Complaint, and therefore deny same.

10. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint, and therefore deny same.

11. The IBM defendants admit the allegations of paragraph 11 of the First Amended Complaint.

12. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the First Amended Complaint, and therefore deny same.

13. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the First Amended Complaint, and therefore deny same.

14. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the First Amended Complaint, and therefore deny same.

15. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the First Amended Complaint, and therefore deny same.

16. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the First Amended Complaint, and therefore deny same.

17. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the First Amended Complaint, and therefore deny same.

18. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the First Amended Complaint, and therefore deny same.

19. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the First Amended Complaint, and therefore deny same.

20. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the First Amended Complaint, and therefore deny same.

21. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the First Amended Complaint, and therefore deny same.

22. The IBM defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the First Amended Complaint, and therefore deny same.

**Jurisdiction**

23. The IBM defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and that the First Amended Complaint purports to charge the IBM defendants with patent infringement under 35 U.S.C. §271 *et seq.* The IBM defendants further admit that this Court has personal jurisdiction over the IBM defendants. Except as so admitted, the IBM defendants deny each and every allegation of paragraph 23 of the First Amended Complaint.

**Venue**

24. The IBM defendants admit that venue is proper in this District pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Except as so admitted, the IBM defendants deny each and every allegation of paragraph 24 of the First Amended Complaint.

## Infringement of U.S. Patent No. 6,195,662

25. The IBM defendants admit that United States Patent No. 6,195,662 ("the '662 patent") notes on its front cover that the patent issued to JuxtaComm on February 27, 2001 and is entitled "System for Transforming and Exchanging Data Between Distributed Heterogeneous Computer Systems." The IBM defendants further admit that Exhibit A to the First Amended Complaint purports to be a copy of that patent. The IBM defendants lack knowledge or information sufficient to form a belief as to the past or current ownership of the '662 patent. Except as so admitted, the IBM defendants deny each and every allegation of paragraph 25 of the First Amended Complaint.

26. The IBM defendants deny each and every allegation of paragraph 26 of the First Amended Complaint as they relate to the IBM defendants, and lack knowledge or information sufficient to form a belief as to the allegation relating to the other defendants.

27. The IBM defendants deny each and every allegation of paragraph 27 of the First Amended Complaint as they relate to the IBM defendants, and lack knowledge or information sufficient to form a belief as to the allegation relating to the other defendants.

28. The IBM defendants deny each and every allegation of paragraph 28 of the First Amended Complaint as they relate to the IBM defendants, and lack knowledge or information sufficient to form a belief as to the allegation relating to the other defendants.

## Affirmative Defenses

### First Affirmative Defense

29. The IBM defendants have not infringed any claim of the '662 patent, either literally or under the doctrine of equivalents.

**Second Affirmative Defense**

30. The '662 patent is invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**Third Affirmative Defense**

31. If any of the claims of the '662 patent are construed broadly enough to encompass any product of the IBM defendants accused of infringement, then they are invalid under one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

**Fourth Affirmative Defense**

32. By reason of the proceedings in the United States Patent and Trademark Office ("the USPTO") during the prosecution of the application for the '662 patent, including the representations in the specification, the wording of the claims and the acts and representations made to induce the grant of the '662 patent, JuxtaComm is estopped from asserting any construction of the claims of the '662 patent that would cover any products of the IBM defendants.

**Fifth Affirmative Defense**

33. JuxtaComm's claims are barred by estoppel.

**Sixth Affirmative Defense**

34. JuxtaComm's claims are barred by laches.

**Seventh Affirmative Defense**

35. Upon information and belief, any claim by JuxtaComm for damages is limited by the failure to mark products sold or licensed under the '662 patent.

# COUNTERCLAIM FOR DECLARATORY
# JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

As for their counterclaim against plaintiff and counterclaim-defendant JuxtaComm Technologies, Inc. ("JuxtaComm"), defendants and counterclaim plaintiffs Ascential, DataMirror and IBM allege:

36. This counterclaim is for a declaratory judgment of non-infringement and invalidity of United States Patent No. 6,195,662 ("the '662 patent") under the provisions of 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a). Venue properly lies in this District under 28 U.S.C. § 1391.

37. Ascential is a corporation organized and existing under the laws of Delaware and has its principal place of business at 50 Washington Street, Westborough, Massachusetts 01581.

38. DataMirror is a corporation organized and existing under the laws of Delaware and has its principal place of business at 3100 Steeles Avenue East, Suite 1100, Markham, Ontario, Canada L3R8T3.

39. IBM is a corporation organized and existing under the laws of New York and has its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

40. Upon information and belief, JuxtaComm is a corporation organized and existing under the laws of the state of Canada and has its principal place of business in Calgary, Alberta, Canada.

41. JuxtaComm alleges in the First Amended Complaint that it is the sole owner of the '662 patent and has standing to bring suit for infringement of that patent.

42. JuxtaComm has charged the IBM defendants with patent infringement, both literal and under the doctrine of equivalents. The IBM defendants have denied that they

have infringed the '662 patent, and have denied that the patent is valid. Therefore, there exists an actual and justiciable controversy between the IBM defendants and JuxtaComm with respect to the alleged infringement and validity of the '662 patent.

43. The IBM defendants have not directly or indirectly infringed the '662 patent.

44. The '662 patent is invalid under one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

WHEREFORE, ASCENTIAL, DATAMIRROR and IBM respectfully request that:

A. Plaintiff's First Amended Complaint be dismissed with prejudice;

B. Plaintiff and all parties in active concert therewith be enjoined from asserting the '662 patent against Ascential, DataMirror and IBM;

C. The '662 patent be declared not infringed by Ascential, DataMirror and IBM;

D. The '662 patent be declared invalid;

E. Ascential, DataMirror and IBM be awarded their damages, costs and attorneys' fees; and

F. Ascential, DataMirror and IBM be awarded such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

_____
Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 753-7397 (fax)
ema@emafirm.com

Nicholas M. Cannella
Donald J. Curry
Marc J. Pensabene
FITZPATRICK, CELLA
   HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

Attorneys for Defendants
Ascential Software Corporation,
DataMirror, Inc. and
International Business Machines Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 10th day of October, 2007.

_____
Eric M. Albritton