IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JUXTACOMM TECHNOLOGIES, INC. § § **Plaintiff** § § vs. § § ASCENTIAL SOFTWARE § CORPORATION, BUSINESS OBJECTS § SA, BUSINESS OBJECTS AMERICA, § CA, INC., COGNOS CORPORATION, § DATAMIRROR, INC., FIORANO § SOFTWARE, INC., HUMMINGBIRD § LTD., INTERNATIONAL BUSINESS § MACHINES CORPORATION, § INFORMATICA CORPORATION, § INFORMATION BUILDERS, INC., § METASTORM, INC., MICROSOFT § CORPORATION, OPEN TEXT § CORPORATION, SOFTWARE AG, INC., § SYBASE, INC., WEBMETHODS, INC., § and INTERSYSTEMS CORPORATION, § § **Defendants** | CASE NO. 2:07CV359 PATENT CASE |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Information Builders, Inc.'s ("IBI") Motion for Partial Judgment on the Pleadings (Docket No. 219). Having considered the parties' written arguments, the Court **DENIES** the motion.

**ANALYSIS**

Juxtacomm alleges IBI's iWay Service Manager and iWay DataMigrator products infringe U.S. Patent No. 6,195,662. IBI moves for judgment because Juxtacomm did not provide separate infringement charts for each product under Patent Rule 3-1(c). Juxtacomm contends that separate charts are not necessary because iWay Service Manager "infringes the '662 patent at least to the

extent that it is integrated with or uses DataMigrator."

Patent Rule 3-1(c) requires a party asserting infringement provide each defending party a "Disclosure of Asserted Claims and Infringement Contentions," which shall contain "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). Although the Patent Rules require separate charts for each accused product, this Court has allowed plaintiffs to use a single chart applicable to multiple products where separate charts would be identical for each product. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528–29 (E.D. Tex. 2005) (Davis, J.) ("[T]he Court ORDERS ConnecTel to designate exemplar accused infringing products and compare those products to each asserted patent on a claim by claim, element by element basis."); *cf. Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (Clark, J.) (striking plaintiff's infringement contentions against Vista because plaintiff had only charted the Windows XP product and it was undisputed that Vista and Windows XP are only seventy percent similar).

Juxtacomm contends iWay Service Manager infringes only to the extent that it utilizes iWay DataMigrator. Accordingly, Juxtacomm may use one chart to accuse both products. Use of one chart, however, precludes Juxtacomm from arguing that iWay Service Manager infringes in any manner differently from how iWay DataMigrator infringes. In order to argue a different infringement theory for iWay Service Manager, Juxtacomm will need to separately chart the iWay Service Manager product, which will require good cause to amend its infringement contentions.

Accordingly, the Court **DENIES** IBI's motion for judgment.

**So ORDERED and SIGNED this 2nd day of May, 2008.**



       **LEONARD DAVIS**
       **UNITED STATES DISTRICT JUDGE**