IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JUXTACOMM TECHNOLOGIES, INC. | § | |
| PLAINTIFF, | § § | |
| v. | § § | Civil Action No. 2:07-CV-00359-LED |
| (1) ASCENTIAL SOFTWARE CORPORATION, | § § § | |
| (2) BUSINESS OBJECTS SA, | § | |
| (3) BUSINESS OBJECTS AMERICAS, | § | |
| (4) CA, INC., | § | |
| (5) COGNOS CORPORATION, | § | |
| (6) DATAMIRROR, INC., | § | |
| (7) INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § | |
| (8) INFORMATICA CORPORATION, | § | |
| (9) INTERSYSTEMS CORPORATION, | § | |
| (10) METASTORM, INC., | § | |
| (11) MICROSOFT CORPORATION, | § | |
| (12) SOFTWARE AG, | § | |
| (13) SOFTWARE AG, INC., | § | |
| (14) SOFTWARE AG USA, INC. (f/k/a WEBMETHODS, INC.), | § § | |
| (15) SYBASE, INC., | § § | |
| DEFENDANTS. | § | |

**OPPOSED MOTION TO STRIKE DEFENDANTS' INVALIDITY CONTENTIONS**

Plaintiff JuxtaComm Technologies, Inc. ("JuxtaComm") files this Motion to Strike Defendants' Invalidity Contentions Concerning U.S. Patent No. 6,195,662 ("the '662 patent"), as failing to comply with the requirements of Rule 3-3 of the Local Patent Rules. Among the myriad deficiencies in Defendants' Invalidity Contentions are the failure to identify combinations

of prior art that allegedly render the invention of the '662 patent obvious, a pervasive lack of specificity, and failure to address all claims of the '662 patent.

## PROCEDURAL BACKGROUND

Defendants served their Invalidity Contentions, including 83 exhibits, on Plaintiff on April 10, 2008.[1] Plaintiff's detailed review of Defendants' contentions revealed their failure to comply with the Local Patent Rules and to set forth Defendants' invalidity position in good faith. As detailed in Plaintiff's Opposition to Defendants' Motion to Amend Invalidity Contentions ("Plaintiff's Opposition") (Dkt #408, filed on January 1, 2009), the parties attempted to resolve their disputes as to the deficiencies in the Invalidity Contentions asserted by JuxtaComm. When the parties were unable to come to agreement, Defendants filed their Motion for Leave to Amend Invalidity Contentions (Dkt #386, filed on December 23, 2008), which remains pending before the Court. For all of the reasons stated in Plaintiff's Opposition to that motion, the Court should deny Defendants' leave to amend.

Furthermore, Defendants' attempted extensive revision to their initial Invalidity Contentions is a tacit admission that the Invalidity Contentions as originally formulated are fatally flawed. Therefore, for the following reasons, the Court should strike Defendants' inadequate April 10, 2008 Invalidity Contentions (hereafter, the "Invalidity Contentions"), and preclude Defendants from relying on the alleged prior art disclosed therein.[2]

---

[1] *See* Ex. A (Defendants' Invalidity Contentions provided on CD for the Court's convenience).

[2] This Motion to Strike Defendants' original Invalidity Contentions is not in any way a waiver of Plaintiff's opposition to the Defendants' motion to amend their Invalidity Contentions. Plaintiff continues to oppose the amendment for all of the reasons stated in its Opposition. Defendants have already attempted to take two bites of the apple, and in both instances have run afoul of the rules governing patent litigation. The original Invalidity Contentions should be stricken, and leave to amend them should be denied.

## ARGUMENT

The deficiencies in Defendants' Invalidity Contentions can be categorized into three main areas: (1) failure to identify prior-art combinations that allegedly render the '662 patent obvious in contravention of Patent Rule 3-3(b); (2) lack of specificity in providing the precise information required by the Local Patent Rules; and (3) failure to address all asserted claims of the '662 patent. Therefore, Defendants' Invalidity Contentions should be struck in their entirety.

### 1. Defendants do not identify a single prior-art combination to support the alleged obviousness of the '662 patent.

Throughout their 83 exhibits and the text of their Invalidity Contentions, Defendants fail to identify even one combination of prior art that lends support to their obviousness position. Defendants instead rely on huge lists of references, leaving JuxtaComm to guess as to which references Defendants will combine, and in what manner, in presenting their obviousness defense. This shortcoming directly violates Local Patent Rule 3-3(b), which requires that if Defendants allege that "a combination of items of prior art makes a claim obvious, *each such combination*, and the motivation to combine such items, *must be identified*."[3]

Recently Judge Ward addressed a similar circumstance in *Saffran v. Johnson and Johnson, and Cordis Corp.*, No. 2:07 CV 0451 (TJW) slip op. at 1-2 (E.D. Tex. Feb. 24, 2009) (attached as Exhibit B). There, the Court found that the "defendants' almost 800 pages of 'Invalidity Contentions' do not put the plaintiffs on real or useful notice. . . . They do not specifically identify combinations of references that the defendants anticipate using at trial[.]" *Id.* As a result of the defendants' failure to comply with Local Rule 3-3, the Court struck the Invalidity Contentions. *Id.* at 2.

---

[3] P.R. 3-3(b) (emphasis added).

As in the *Saffran* case, instead of complying with the clear mandate of Patent Rule 3-3(b), Defendants provide a list of hundreds of alleged prior art references in the body of their Invalidity Contentions,[4] with no indication or explanation how these references are combined to render any claim of the '662 patent invalid.

Defendants' exhibits also display a complete disregard for the requirement to identify each prior-art combination. For example, Exhibit 42 indicates that an alleged prior-art reference "and/or" any one of seven publications, in combination with dozens of additional references listed in the "notes," renders certain claims of the '662 patent obvious.[5] Similarly, Exhibits 5 and 15 provide a completely useless explanation for Defendants' invalidity position by combining one or both of two different references with one or more of dozens of additional references listed in the notes to allegedly render the '662 patent obvious.[6] And Exhibit 52 to Defendants' contentions alleges that one or more of three alleged prior-art publications, in combination with dozens of additional references listed in the notes, underlie Defendants' obviousness claim.[7]

Such blatant attempts to obscure Defendants' true invalidity arguments run afoul of the purpose underlying the Local Patent Rules and specifically violates Patent Rule 3-3(b). For at least this reason, Defendants' Invalidity Contentions, as set out in Exhibits 1, 3-45, 47-69, 71, 73, 74, and 76-82, should be stricken in their entireties, and Defendants should be prohibited from relying on the alleged prior art identified therein.

---

[4] Ex. A, at 5-21.
[5] Ex. A, at Ex. 42, at 2.
[6] Ex. A, at Ex. 5, at 1; Ex. 15, at 1.
[7] Ex. A, at Ex. 52, at 1.

2. **Defendants fail to provide the specific information required by the Patent Rules.**

Defendants' Invalidity Contentions are also so bereft of any specific theories of invalidity that they have violated every subpart of Patent Rule 3-3, which requires Defendants to set out their invalidity theories by providing certain, specific information. By failing to provide JuxtaComm with the information required by Patent Rule 3-3, JuxtaComm is substantially prejudiced in the conduct of the case and in its preparation for trial. Therefore, the Court should strike Defendants' Invalidity Contentions in their entirety.

*(a) Defendants have not fully complied with Patent Rule 3-3(a).*

Defendants rely on § 102(g) as a basis for their invalidity contentions, but they fail to identify the people involved in or describe the circumstances surrounding the alleged making of the '662 patent's technology prior to that of the '662 patent's inventors, as required by Patent Rule 3-3(a). For example, Exhibit 83 claims that the accused instrumentalities in one of Defendants' accused products pre-date the invention claimed in the '662 patent.[8] But Exhibit 83 does not identify a single person involved in the making of the accused product, nor does it describe the circumstances surrounding the making of the product. Instead, Defendants point JuxtaComm to more than 1000 pages of produced documents, that JuxtaComm may presumably search for the allegedly responsive information.[9] Similarly, in Exhibit 16, Defendants identify only "one or more employees" of a third party company without providing any names and rely on unspecified "documents to be produced" to satisfy the requirements of Patent Rule 3-3(a).[10] These shortcomings may also be seen in Exhibit 3, where only two members of a major design team are identified, and Defendants again refer JuxtaComm to e-mail and documents for the

---

[8] Ex. A, at Ex. 83, at 1.
[9] *Id.*
[10] Ex. A, at Ex. 16, at 1; *see also* Ex. A, at Ex. 23, at 2.

required information.[11] In all, this type of deficiency is found in Exhibits 3, 16, 23, 30, 31, 53, and 83. Because JuxtaComm's ability to prepare for trial is prejudiced by Defendants' failure to provide the required information to support their §102(g) claims of invalidity, the Court should strike these exhibits to Defendants' Invalidity Contentions. *See Saffran*, at 1 ("The purpose of the rules is to put the parties on notice of the information its adversary anticipates using at trial.").

### *(b) Defendants have not provided the specificity required by Patent Rule 3-3(b).*

Defendants' Invalidity Contentions also suffer from a systemic violation of Patent Rule 3-3(b) by failing to identify whether alleged prior art anticipates or renders the '662 patent obvious. Defendants must specify "whether each item of prior art anticipates each asserted claim *or* renders it obvious."[12] Instead of properly identifying which theory of invalidity they intend to pursue, however, Defendants merely list references in nearly every one of their exhibits as anticipating under § 102, or alternatively, rendering obvious under § 103, certain claims of the '662 patent.[13] There is no indication what each such prior-art reference may lack that would make the reference potentially unsuitable for an anticipation defense but suitable for the "alternative" obviousness defense. For some of their exhibits, Defendants do not even commit to one theory of obviousness under § 103, presenting some references as single reference § 103 art, or a § 103 reference based on combinations with other references.[14] This noncommittal approach is evident in Exhibits 1, 4-7, 9-11, 13-38, 40-43, 45, 47-49, 51-64, 66-69, 71, 73, and 76-83. Because the invalidity theories presented in these exhibits fail to comply with the standards set

---

[11] Ex. A, at Ex. 3, at 1.
[12] P.R. 3-3(b) (emphasis added).
[13] Ex. A, at Exs. 1, 4-7, 9-11, 13-38, 40-43, 45, 47-49, 51-64, 66-69, 71, 73 & 76-83.
[14] Ex. A, at Exs. 4, 6, 7, 9, 10, 13, 15-17, 19, 21-26, 29-32, 34-36, 38, 40, 42, 45, 47-49, 51-64, 66, 68 & 79-82.

forth in Patent Rule 3-3(b), the Court should strike them and prohibit Defendants from relying on the alleged prior art identified therein.

### *(c) Defendants have disregarded the requirements of Patent Rule 3-3(c).*

Defendants' inadequate Invalidity Contentions also suffer from various deficiencies stemming from their failure to identify specifically where elements of the asserted claims are found in the alleged prior art and which elements of the asserted claims correspond to the alleged prior art. These shortcomings all violate Patent Rule 3-3(c), which requires that Defendants provide "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."[15]

In many of the exhibits to Defendants' Invalidity Contentions, Defendants simply list excerpts from or citations to an alleged prior-art reference without identifying *which* element of the asserted claim is supposedly disclosed or taught by the cited portion of the reference. In a similar manner, some of Defendants' exhibits identify a single claim term that corresponds to the cited reference, while ignoring the remaining elements of the claim. This is particularly problematic because each claim includes such disparate elements as "systems interface," "logical import and export data interfaces," "data transformation rule sets," and "scripts." These types of deficiencies are present at least in Exhibits 1, 3-13, 14-51, and 53-82, making it impossible for JuxtaComm to discern what portion of the prior-art reference applies to which element of the asserted claim for these exhibits. Because Defendants have not properly identified their invalidity contentions with respect to these exhibits, the Court should strike the alleged prior art relied upon in each of the deficient exhibits.

---

[15] P.R. 3-3(c).

Defendants also make the mistake of citing alleged prior-art references as invalidating multiple claim elements, without specifying where *each* separate claim element is found in the reference. By citing to a single passage of a reference for multiple claim elements, JuxtaComm is left to guess which portions of the reference apply to which claim elements. Contentions employing this particular tactic in violation of Patent Rule 3-3(c) include Exhibits 5-7, 16, 43, 55, and 68. Therefore, the Court should additionally strike these exhibits for failing to comply with the Local Patent Rules.

Defendants also rely generally on "source code to be provided" for alleged prior-art software products identified in several of the exhibits to their Invalidity Contentions. A reference to the entirety of the source code for a software product does not satisfy Patent Rule 3-3(c)'s requirement of identifying where *specifically* the claim element may be found in the alleged prior art. This particular deficiency is seen in Exhibits 18, 20-23, 30-33, 41, 42, 45, 51, 54, 56, 61-63, 66, 77, 78, and 83. Without guidance as to what portion of the source code is relevant to the claim elements at issue, JuxtaComm cannot determine what theories support Defendants' invalidity contentions. In fact, JuxtaComm's consultants have begun their review of the source code produced for these alleged prior-art products, and they have been unable to identify what portion of the source code would be relevant to Defendants' invalidity contentions. The Court should therefore strike these exhibits for failing to specify where each claim element may be found.

Many of Defendants' charts have provided non-exhaustive "examples" of where the elements of the asserted claims may be found in each alleged prior-art reference. This practice also violates Patent Rule 3-3(c)'s mandate that Defendants must identify "where *specifically* in

each alleged item of prior art each element of each asserted claim is found."[16] Defendants go so far as to explicitly state that their citations to the prior art are "merely examples of the pertinent information contained in the reference" and that they "should not be construed to be exhaustive of the evidentiary support found in the reference."[17] This defect can be found in Exhibits 1, 3-4, 8-13, 16, 17, 19, 24, 26, 28-31, 34-36, 38, 43-45, 47-50, 55-57, 59, 61-67, and 79-82. Such incomplete contentions do not satisfy the Local Patent Rules, and the Court should strike these exhibits. *See Saffran*, at 2 (striking defendants' Invalidity Contentions as "an attempt to end run the rules" in part because defendants "include language purporting to make the contentions merely illustrative").

Finally, several of the exhibits to Defendants' Invalidity Contentions do not set forth an independent claim chart as required by Patent Rule 3-3(c). Instead, these exhibits purport to incorporate JuxtaComm's infringement-contention charts "by reference."[18] Because this practice violates the Local Patent Rules, the Court should also strike these exhibits.

In sum, because Defendants' failure to comply with Patent Rule 3-3(c) is so pervasive and renders nearly all of Defendants' exhibits uninformative, the Court should strike the Invalidity Contentions in their entirety.

3. **Defendants do not address all asserted claims of the '662 patent.**

Finally, Defendants do not address claims 11 and 12 of the '662 patent in some of the exhibits to their Invalidity Contentions. Defendants' claim charts erroneously state that these claims are "not asserted in the present action,"[19] despite JuxtaComm's clearly expressed position

---

[16] P.R. 3-3(c) (emphasis added).

[17] *See, e.g.*, Ex. A, at Ex. 35, at 1.

[18] Ex. A, at Ex. 16, at 1; Ex. 18, at 2; Ex. 20, at 2; Ex. 22, at 2; Ex. 23, at 2; Ex. 30, at 3; Ex. 31, at 2; Ex. 33, at 2; Ex. 77, at 3; Ex. 78, at 1; Ex. 83, at 1.

[19] *See* Ex. A, at Ex. 9, at 5-6; *see also* Ex. A, at Exs. 10, 25, 26, 29, 33, 35, 43, 55, 69, 71, 73, 79, and 81.

that Defendants infringe all claims of the patent.[20] Defendants should be prevented from later asserting that claims 11 and 12 of the '662 patent are invalid based on the alleged prior art identified in Exhibits 9, 10, 25, 26, 29, 33, 35, 43, 55, 69, 71, 73, 79, and 81, which do not provide the requisite information for these two claims.

## CONCLUSION & PRAYER

Because Defendants have failed to comply with this Court's Local Patent Rules and refused to provide the information and specificity required for acceptable Invalidity Contentions, JuxtaComm is unable to decipher Defendants' true invalidity position. Defendants' attempt to conceal their theories of invalidity in violation of the Local Patent Rules should not be condoned.

WHEREFORE, Plaintiff requests that the Court strike Defendants' inadequate Invalidity Contentions, and that Plaintiff be awarded such other and further relief the Court deems appropriate.

---

[20] Plaintiff's Disclosure of Asserted Claims and Infringement Contentions for each Defendant provided that "JuxtaComm presently contends that [Defendant] infringes or has infringed all claims" of the '662 patent. *See* Plaintiff JuxtaComm Inc.'s Disclosure of Asserted Claims and Infringement Contentions, at 2.

Date: March 11, 2009      AKIN GUMP STRAUSS HAUER & FELD LLP

*R. Laurence Macon*
_____
R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035


STEVEN M. ZAGER
State Bar No. 22241500
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Fax: (713) 236-0822

MICHAEL L. KIKLIS
District of Columbia Bar No. 462690
1333 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288

– and –

**LOCAL COUNSEL**

T. JOHN WARD, JR.
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
JUXTACOMM TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

Melanie G. Cowart, attorney for JuxtaComm Technologies, Inc. ("JuxtaComm") conferred by telephone on Wednesday, March 11, 2009 with: Marc J. Pensabene, attorney for Ascential Software Corporation, Cognos Corporation, DataMirror, Inc. and International Business Machines Corporation; Bijal V. Vakil, attorney for Business Objects SA and Business Objects Americas; Ryan Tyz, attorney for Informatica Corporation; Julie A. Petruzzelli, attorney for Metastorm; Kelly C. Hunsaker, attorney for Microsoft Corporation; Pavan Agawal, attorney for Software AG, Software AG, Inc. and Software AG USA, Inc. (f/k/a webMethods, Inc.); and Jon Wright, attorney for Sybase, Inc. The purpose of the telephone conference was to discuss JuxtaComm's motion to strike the Defendant's invalidity contentions for failing to comply with Local Patent Rule 3-3. Discussions concerning Defendants' invalidity contentions began on April 21, 2008 when JuxtaComm first notified Defendants' of the deficiencies in their contentions. After several months of communications by phone and written correspondence, the parties reached an impasse and could not agree on amendments to the contentions that the Defendants proposed. These discussions culminated in the filing by Defendants of a motion for leave to amend their invalidity contentions (Dkt. No. 386). Defendants' motion is fully briefed but still pending, and the issues regarding the deficiencies in Defendants' initial contentions remain unresolved. Counsel for the Defendants oppose JuxtaComm's motion to strike the invalidity contentions.

Date: March 11, 2009

_R. Laurence Macon_
R. LAURENCE MACON

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel or record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 11th day of March 2009.

_R. Laurence Macon_
R. LAURENCE MACON