# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JUXTACOMM TECHNOLOGIES, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 2:07-CV-00359-LED |
| | § | |
| ASCENTIAL SOFTWARE CORPORATION, *et al.* | § | |
| | § | |
| DEFENDANTS. | § | |

## JOINT STIPULATION REGARDING CONTENTIONS AND REGARDING DISMISSAL AS TO DATAMIRROR AND COGNOS

Pursuant to this Joint Stipulation regarding proposed amendments to the parties' respective contentions under P.R. 3-1 and 3-3, JuxtaComm Technologies Inc. ("JuxtaComm"), Ascential Software Corporation ("Ascential"), Cognos Corporation ("Cognos"), DataMirror Inc. ("DataMirror"), International Business Machines Corporation ("IBM" and collectively with Ascential, Cognos and DataMirror, the "IBM Defendants"), and Microsoft Corporation ("Microsoft") agree to the following:

1. Microsoft and the IBM Defendants will withdraw with prejudice their opposition to JuxtaComm's Motion For Leave To Amend Infringement Contentions (Docket No. 403). The IBM Defendants will withdraw with prejudice their Cross-Motion To Strike Infringement Contentions and Compel Proper Contentions (Docket No. 451), except as to the DataMirror products. The Cross-Motion as to the DataMirror products will be withdrawn without prejudice.

2. JuxtaComm will withdraw with prejudice its opposition to Defendants' Motion For Leave To Amend Invalidity Contentions (Docket No. 386) as to Microsoft and the IBM

Defendants. JuxtaComm will withdraw with prejudice its Motion To Strike Defendants' Invalidity Contentions (Docket No. 501) as to Microsoft and the IBM Defendants. JuxtaComm will also withdraw with prejudice its Motion To Strike IBM Defendants' Supplemental Invalidity Contentions.

3. This agreement does not preclude any party from challenging the legal theories behind the contentions, for example, that JuxtaComm is entitled to damages on everything listed on the cover of its contention claim charts.

4. JuxtaComm, Microsoft and the IBM Defendants agree that there will be no further amendments to their respective contentions.

5. JuxtaComm will be allowed to continue the deposition of Mr. Jerry Callen, or the persons most knowledgeable to provide testimony limited to the prior art effect of the Orchestrate product asserted in the IBM Defendants' Supplemental Invalidity Contentions, including but not limited to Orchestrate's integration or combination with DataStage. The continuation of this deposition remains subject to Paragraph 4(C)(1) of the Discovery Order (Docket No. 175).

6. Defendants hereby confirm and stipulate that they will not rely in any way on or use IBM09114916-29.

7. JuxtaComm hereby withdraws with prejudice its allegations of infringement of claims 13-16 of U.S. Patent No. 6,195,662 (the "'662 patent") as to Microsoft and the IBM Defendants. JuxtaComm also hereby withdraws with prejudice its allegations of infringement of claims 11-12 of the '662 patent as to Microsoft. Microsoft and the IBM Defendants hereby withdraw their allegations of invalidity of claims 13-16 of the '662 patent without prejudice.

Microsoft hereby withdraws its allegations of invalidity of claims 11-12 of the '662 patent without prejudice.

8.  JuxtaComm hereby withdraws with prejudice its allegations of infringement against any products of Microsoft or any of the IBM Defendants that are identified in JuxtaComm's amended infringement contentions but that are not accused of infringement in the expert reports of Walter Rudd concerning Microsoft and IBM products (the "Dropped Products"). The Dropped Products include, without limitation, the following products:

a. Microsoft Biztalk Server,

b. IBM WebSphere Enterprise Service Bus,

c. IBM WebSphere Process Server,

d. IBM WebSphere Integration Developer,

e. IBM WebSphere Application Server,

f. IBM WebSphere Application Server for Distributed Platforms,

g. IBM WebSphere Application Server Express,

h. IBM DataPower XS40,

i. IBM DataPower XA35,

j. DataMirror Constellar Hub,

k. DataMirror DB/XML Transform,

l. DataMirror Transformation Server

m. DataMirror Integration Suite,

n. Cognos Data Manager

o. Cognos 8 Business Intelligence,

p. Cognos 8 Business Intelligence Data Integration for SAP R/3,

  q. Cognos Decision Stream, and

  r. Cognos Series 7.

  Notwithstanding such withdrawal, the parties shall retain the right to use any of the Dropped Products in its case to prove or disprove the amount of damages to which JuxtaComm is entitled. Similarly, JuxtaComm's withdrawal of infringement allegations for the Dropped Products shall not bar the parties from presenting evidence of how any of the Dropped Products may or may not interact or operate with accused products remaining in the case. Nothing in this stipulation shall be construed as preventing JuxtaComm from advancing its case as currently described in its expert reports.

  9. JuxtaComm, by and through its undersigned attorneys, hereby covenants not to sue Microsoft, any of the IBM Defendants, any of their Affiliates, or any direct or indirect customers of Microsoft, the IBM Defendants, or any of their Affiliates, for infringement of the '662 patent based on the manufacture, use, sale, offer for sale, importation or download of (i) any Dropped Product, (ii) any future version of a Dropped Product that is no more than colorably different from the current version of that Dropped Product, (iii) any products other than the Dropped Products and the products that are accused of infringement in JuxtaComm's expert reports that are sold or offered for sale by Microsoft or any of the IBM Defendants on or before the date of this Stipulation (the "Other Products"), or (iv) any future version of an Other Product that is no more than colorably different from the current version of that Other Product. An "Affiliate" of a company is any parent, subsidiary, partnership, joint venture, corporation, or other form of domestic or foreign enterprise that directly or indirectly controls, or that is directly or indirectly controlled by, or that is under common control with, that company as of the date of this Stipulation.

10. Pursuant to the provisions of Fed. R. Civ. P. 41, all claims asserted by JuxtaComm against DataMirror and Cognos are dismissed with prejudice. All counterclaims asserted by DataMirror and Cognos against JuxtaComm are dismissed without prejudice. Each party will bear its own fees and costs. The counterclaims of the remaining IBM Defendants are unaffected by this dismissal.

11. Within five (5) business days after the filing of this stipulation, JuxtaComm, Shopplex.com Corporation and DataMirror will file in the Canadian lawsuit between *Shopplex.Com Corporation, et al. and DataMirror Corporation* (Action No. T-1329-04) a joint motion for dismissal of all claims and counterclaims with prejudice, except that DataMirror's counterclaim for a declaration that the Canadian '767 patent is invalid, void and of no force or effect shall be dismissed without prejudice to DataMirror refiling that counterclaim in response to any future claim of infringement by JuxtaComm, Shopplex.com, Teilhard or any other party claiming an interest in the Canadian '767 patent but not as an independent declaratory judgment action seeking to invalidate the '767 patent.

12. Microsoft and the IBM Defendants hereby withdraw their allegations of invalidity of the '662 patent based in whole or in part on alleged prior art asserted to be predecessor versions of the Cognos and DataMirror products set forth in JuxtaComm's Infringement Contentions, namely "Related Matters CUBEengine (Cognos Products)," "DataMirror Utility (DataMirror Transformation Server)," and "Information Junction (Constellar Hub)," as more fully described in the current *Expert Report of Peter Alexander, Ph.D. Regarding Invalidity of U.S. Patent No. 6,195,662.*

13. Microsoft and the IBM Defendants, individually and collectively, will limit the number of primary prior art references to fifteen or less. Unless otherwise expressly stated

herein, nothing in this stipulation shall be construed as preventing Microsoft or the remaining IBM Defendants from advancing their case as currently described in their expert reports.

14. Except in circumstances where a party opens the door, neither Plaintiff, Defendants nor their respective attorneys or any witnesses called by them in the courtroom shall volunteer, inject, disclose, state, refer to or mention in the presence of the jury the fact that any of the Dropped Products were previously accused in this lawsuit of infringing the '662 patent.

15. JuxtaComm hereby stipulates that the Dropped Products do not infringe the '662 patent and that Defendants have not directly or indirectly infringed any claims of the '662 patent through the use, manufacture, sale, offer for sale, import, export, or supply of the Dropped Products.

AKIN GUMP STRAUSS HAUER & FELD LLP

*/s/ R. Laurence Macon/*
R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

STEVEN M. ZAGER
State Bar No. 22241500
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Fax: (713) 236-0822

MICHAEL L. KIKLIS
District of Columbia Bar No. 462690
1333 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288


T. JOHN WARD, JR.
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com

Attorneys For Plaintiff
JuxtaComm Technologies, Inc.

FITZPATRICK, CELLA, HARPER & SCINTO

By: *Donald J. Curry by Melanie Howard*
        *w/ permission*
Donald J. Curry
Marc J. Pensabene
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

John M. Desmaris
Robert A. Appleby
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Eric M. Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449

Attorneys for Defendants Ascential Software Corp.,
Cognos Corp., DataMirror, Inc. and International
Business Machines Corp.


FISH & RICHARDSON P.C.

By: *Ruffin C. Cordell by Melanie Howard*
Ruffin C. Cordell  w/ permission
Texas Bar No. 04820550
(e-mail: cordell@fr.com)
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Kelly C. Hunsaker (admitted pro hac vice)
(e-mail: hunsaker@fr.com)
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Eric Hugh Findlay
Texas State Bar No. 00789886
(e-mail: efindlay@findlaycraft.com)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 571-6963

Counsel for Defendant
MICROSOFT CORPORATION

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel or record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 1st day of July, 2009.

*/s/ R. Laurence Macon*
R. LAURENCE MACON