# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **JUXTACOMM TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ASCENTIAL SOFTWARE CORPORATION, et al.,**<br><br>Defendants. | **Civil Action No. 2:07-CV-359 LED** |

# MICROSOFT CORPORATION'S MOTION FOR
# PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT

# EXHIBITS TO MICROSOFT CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT

| Exhibit | Description | Bates Number |
|---|---|---|
| D | Determination of the United States Patent and Trademark Office re US Patent 6,195,662 – Reexam Ordered – filed July 31, 2009 | |
| E | Excerpts from the May 1, 2009, Expert Report of Colin White | |
| F | Excerpts from the June 16, 2009, Rebuttal Expert Report of Walter Rudd | |
| G | Excerpts from the February 9, 2009 Markman Hearing Transcript - Docket # 497 | |
| H | *Lucent Techs., Inc. v. Gateway, Inc*., 2007 U.S. Dist. LEXIS 95934 (S.D. Cal. October 30, 2007) | |
| I | *Nat'l Oilwell Varco, L.P. v. Pason Sys. USA Corp*., 2009 U.S. Dist. LEXIS 41062 | |

## I. INTRODUCTION

In its pleadings, Plaintiff JuxtaComm Technologies, Inc. ("JuxtaComm") alleges that Microsoft engaged in "willful and deliberate" infringement of the asserted '662 patent. Yet to show willfulness, JuxtaComm must present clear and convincing evidence that there is an *objectively* high likelihood that Microsoft infringes a *valid* patent. *In re Seagate Technology, LLC,* 497 F.3d 1360 (Fed. Cir. 2007).

The United States Patent & Trademark Office recently granted reexamination of the '662 patent, finding that there were several substantial new questions of patentability regarding whether the asserted '662 patent is valid and should have issued at all. In addition, Microsoft has identified several invalidating prior art references through its expert reports, including the InfoPump prior art upon which reexamination has been granted. As to InfoPump, JuxtaComm's own expert has put forward only two bases for distinguishing InfoPump, both of which violate this Court's claim construction orders and directly conflict with arguments JuxtaComm made to this Court in advancing those constructions.

Collectively, these facts demonstrate that JuxtaComm cannot meet the clear and convincing evidence burden of proof required to prove the objective prong of willful infringement. For these reasons the Court should grant summary judgment that Microsoft has not willfully infringed the '662 patent as a matter of law.[1]

---

[1] There are numerous additional reasons why Microsoft's alleged infringement was not willful, including other grounds demonstrating both that the '662 patent is invalid and not infringed by Microsoft. This motion only addresses the absence of the objective prong raised by the PTO's grant of reexamination and JuxtaComm's contrary, and inconsistent application of the claims to the prior art InfoPump system.

## II. STATEMENT OF THE ISSUES

Whether this Court should enter partial summary judgment that Microsoft's alleged infringement was not willful as a matter of law, where the objective prong of Seagate cannot be met in view of the Patent Office finding four substantial new questions of patentability, including one with respect to the InfoPump prior art; and where JuxtaComm's only bases for distinguishing InfoPump violates this Court's claim construction order.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff JuxtaComm filed this suit alleging infringement of U.S. Pat. No. 6,195,662 ("the '662 patent"). Among its contentions, JuxtaComm asserted that "Defendants' infringement of the '662 Patent is willful and deliberate, entitling JuxtaComm to increased damages…" [Docket No. 1 at ¶ 28.]

On July 31, 2009, however, the United States Patent & Trademark Office ("PTO") granted a request for *ex parte* reexamination, finding four separate substantial new questions of patentability concerning all of the asserted claims of the '662 patent based on two earlier issued patents and publications describing two earlier prior art systems. [Ex. D, 2009-07-31 USPTO Determination[2].] One of the substantial new questions of patentability warranting reexamination of the '662 patent was based on manuals describing the InfoPump prior art. [*Id.*]

Defendants' expert Colin White provided an invalidity report in this case in which he presented his opinion that the InfoPump system, among others, disclosed each and every limitation of the '662 patent. [Ex. E, 5/1/2009 White Report ¶¶ 84-154.] On June 16, 2009, JuxtaComm served a rebuttal report from Dr. Walter Rudd where he argued that the only reasons InfoPump did not invalidate the '662 patent were that (1) InfoPump allegedly "compiles" scripts

---

[2] Unless otherwise noted, all exhibits cited throughout this brief are attached to the Declaration of Kelly C. Hunsaker in Support of Microsoft Corporation's Motions For Summary Judgment And *Daubert* Motions, filed herewith.

into an intermediate format before it places them into a metadata database, and (2) InfoPump allegedly does not have separate script and rule set processors. [Ex. F, Rudd Rebuttal Report pp.103-121].

On July 14, 2009, the Court issued a Memorandum Opinion on claim construction where it stated that (1) the '662 patent claims can cover either compiled or interpreted scripts (i.e., compilation was not disclaimed), and (2) the script and rule processors do not need to be separate. [Docket No. 631.] The Court adopted these constructions after JuxtaComm advanced these same arguments in its claim construction briefing and during the Markman hearing. [*See, e.g.,* Docket No. 417 (Markman Reply Br.) at 2; Ex. G (Markman Tr.) at 13:7-14:20 & 51:6-53:19.]

## IV. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where, as here, the non-movant bears the burden of proof, this initial burden may be met by "pointing to an absence of evidence to support the nonmoving party's case." Id. at 325. The moving party need not negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005)).

Once this initial burden of the movant is met, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324 (quoting Rule 56(e)). "Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial." *GTX Corp. v. Kofax Image Products, Inc.,* 571 F. Supp. 2d 742, 745 (E.D. Tex. 2008) (citing *Celotex,* 477 U.S. at 322-23).

### B. Willful Infringement Standard

The Federal Circuit recently established a heightened burden for proving willful infringement. In the case of *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), the Federal Circuit overruled the standard set forth in previous cases (specifically *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983)) and held that "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *In re Seagate,* 497 F. 3d at 1371. The Federal Circuit clarified that, "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite *an objectively high likelihood* that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is *not* relevant to this objective inquiry." *Id*. (emphasis added, citations omitted).

Since *Seagate*, courts have found that the existence of a reexamination is relevant to the objective prong of the willfulness analysis. *See, e.g.,* Ex. H, *Lucent Techs., Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 95934 at *17-19 (S.D. Cal. October 30, 2007) (granting summary judgment of no willfulness based in part on the PTO's finding of substantial new questions of patentability); *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 579 (E.D. Tex. 2007) (Clark, J.) (granting judgment as a matter of law that a defendant's infringement was not willful because, among other reasons, the patentee had requested reexamination of one of the patents and the USPTO had granted the request and required amendments to the patent before issuing a reexamination certificate).

Courts have also found that the presence of a strong anticipatory reference can defeat the objective prong of the willfulness analysis. *See, e.g., Informatica Corp. v. Business Objects Data Integration, Inc.*, 527 F. Supp. 2d 1076, 1082-83 (N.D. Cal. 2007); Ex. I, *Nat'l Oilwell Varco, L.P. v. Pason Sys. USA Corp.*, 2009 U.S. Dist. LEXIS 41062 at *4 (D. Co. April 30,

2009) ("The question of whether the infringer advanced legitimate defenses to infringement or credible invalidity arguments is of paramount significance to the determination of whether an award of enhanced damages is appropriate").

The Federal Circuit recently clarified that "what the accused infringer knew or should have known about the likelihood of its infringement" at the time of infringement, such as evidence of "copying," is irrelevant to the objective prong of willfulness, and should only be considered as part of the subjective analysis. *See Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 567 F.3d 1314, 1336 (Fed. Cir. 2009). Furthermore, the Federal Circuit confirmed that, "while the fact that an issue was submitted to a jury does not *automatically* immunize an accused infringer from a finding of willful infringement, the record developed in the infringement proceeding in [a] case, viewed objectively" is relevant in determining whether the objective prong of willfulness is satisfied. *Id*. at 1337 (emphasis added).

## V. ARGUMENT

### A. JuxtaComm Cannot Prove That Microsoft Acted Despite an Objectively High Likelihood that its Actions Constituted Infringement of a Valid Patent

JuxtaComm cannot meet its clear and convincing burden of proving the objective prong of willfulness because the PTO, in granting reexamination, has found several substantial questions about the validity of the '662 patent; and because JuxtaComm's only arguments to avoid invalidity over the InfoPump reference violate this Court's claim construction order.

To defeat summary judgment, JuxtaComm must present *clear and convincing* evidence that Microsoft acted despite an *objectively* high likelihood that its actions constituted infringement of a *valid* patent. Microsoft's subjective state of mind is not relevant to this prong of the willfulness inquiry, *Depuy Spine,* 567 F.3d at 1336-37, making the issues based on the undisputed facts presented here particularly well suited for partial summary judgment.

### B. The Reexamination Confirms that Contesting Validity is Objectively Reasonable

Here, the existence of the substantial new questions of patentability and the PTO's decision to order reexamination of the '662 patent is objective evidence that raises substantial questions regarding the validity of the '662 patent. The PTO found four separate substantial new questions of patentability of the '662 patent and ordered reexamination. The InfoPump system is described in manuals from 1993, over four years before JuxtaComm filed its patent. With respect to this prior art, the PTO noted that the Infopump prior art was not present during prosecution of the application which became the '662 patent, and agreed that it raises a substantial new question regarding patentability of all claims of the '662 patent. [Ex. D, ¶ 15.]

### C. JuxtaComm's Only Rebuttal to the InfoPump Prior Art Contradicts This Court's *Markman* Ruling

Together with the reexamination, JuxtaComm's response to the InfoPump prior art in its rebuttal expert report demonstrates that JuxtaComm lacks the clear and convincing evidence needed to meet its burden of proving the objective prong of willful infringement. Defendants' expert presented a detailed analysis regarding his opinions that InfoPump invalidates every claim of the '662 patent. [Ex. E, White Report ¶¶ 84-154.] JuxtaComm's only rebuttal arguments against InfoPump violate this Court's claim construction order and directly contradict the positions JuxtaComm took during claim construction.

Specifically, JuxtaComm's expert has argued that InfoPump does not anticipate the '662 patent because scripts in InfoPump are allegedly "compiled" into an intermediate format before they are stored in the metadata database and run by the InfoPump interpreter; and because InfoPump allegedly does not have a "separate and distinct" rule set processor because the same processor allegedly executes both scripts and rules. [Ex. F, Rudd Rebuttal Report pp.103-121.] Dr. Rudd's rebuttal report contains sections stating that InfoPump does not have a "metadata

database" storing scripts, a "script processor" that executes scripts, or "data bags" created by a script processor, but these positions are all premised on his argument that InfoPump does not have "scripts." [*Id.*] JuxtaComm's expert states that the patentee "distinguished" compiled scripts during the prosecution of the '662 patent in distinguishing the Morgenstern prior art reference. [*Id*. at 105.]

Yet during the Markman hearing, JuxtaComm took exactly the opposite position, arguing that "we did not in the prosecution distinguish using a specific processing technique, interpreting or compiling" and that the prosecution history had "nothing to do with whether scripts are interpreted, [or] *compiled using some intermediate form* of processing." [Ex. G (Markman Tr.) 13:7-14:20 (emphasis added).] Similarly, JuxtaComm argued in its briefing that "the intrinsic evidence simply does not limit the claims to a script processor that 'interprets' scripts." [*See* Docket No. 417 (Markman Reply Br.) at 2.] Finally, JuxtaComm argued that the Defendants' were incorrect in construing the claims to require a "separate component" acting as a rule set processor. [Ex. G (Markman Tr.) at 51:6-53:19.]

JuxtaComm took these positions because the Defendants had argued that scripts in the '662 patent had to be interpreted, not compiled. [*See* Docket No. 393 at 5-8.] The Court explicitly rejected these arguments in its July 14th Memorandum Opinion, where the Court held that the inventors of the '662 patent did not disclaim "compiled" scripts during prosecution, [Docket No. 631 at 4-8], and that the "script processor" and "rule set processor" do not need to be physically separate components. [*Id*. at 12-13.] Surprisingly, now that it is confronted with invalidating prior art, JuxtaComm is performing a complete about-face, and is actually advancing Defendants' proposed claim constructions to avoid the InfoPump prior art. The fundamental problem with this approach is that these are constructions that the Court expressly rejected at

JuxtaComm's urging. JuxtaComm's about-face directly contradicts its own prior arguments and runs afoul of this Court's claim construction Order. JuxtaComm makes no other arguments why InfoPump does not invalidate the '662 patent – all of its arguments depend on these two improper theories.

### D. JuxtaComm Cannot Satisfy the Objective Test of *Seagate*

The *Seagate* standard requires that Defendants acted despite an objectively high likelihood that they were infringing a *valid* patent. *In re Seagate,* 497 F.3d at 1371. It places a clear and convincing burden on JuxtaComm to demonstrate that objectively high likelihood. *Id.* The record developed in this infringement proceeding, viewed objectively, is highly relevant in determining whether the objective prong of willfulness is met. *Depuy Spine,* 567 F.3d at 1337; *Informatica*, 527 F. Supp. 2d at 1082-83; Ex. I, *Nat'l Oilwell Varco*, 2009 U.S. Dist. LEXIS 41062 at *4. The reexamination in particular confirms that contesting validity is objectively reasonable. Ex. H, *Lucent*, 2007 U.S. Dist. LEXIS 95934 at *17-19; *TGIP,* 527 F. Supp. 2d at 579. JuxtaComm cannot satisfy its burden here, where the Defendants have put forward a strong prior art reference that the PTO agrees raises a substantial new question of patentability warranting reexamination, and where JuxtaComm's own expert has no valid rebuttal arguments other than positions that violate the Court's claim construction adopting the very arguments JuxtaComm advanced during *Markman*. This evidence, viewed collectively, demonstrates that JuxtaComm lacks the clear and convincing evidence needed to show that Microsoft acted objectively reckless or with a high likelihood of infringing a valid patent.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant partial summary judgment that Microsoft's alleged infringement of the '662 patent fails to satisfy the objective prong of *Seagate* and cannot be willful as a matter of law.

Dated: August 17, 2009          Respectfully submitted,

By:  /s/ Kelly C. Hunsaker
Ruffin C. Cordell
Texas Bar No. 04820550
(e-mail: cordell@fr.com)
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Kelly C. Hunsaker (admitted pro hac vice)
(e-mail: hunsaker@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

W. Chad Shear
Texas State Bar No. 24013493
(e-mail: shear@fr.com)
P. Weston Musselman, Jr.
Texas State Bar No. 14749600
(e-mail: musselman@fr.com)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Eric H. Findlay
Texas State Bar No. 00789886
(e-mail: efindlay@findlaycraft.com)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Counsel for Defendant
MICROSOFT CORPORATION

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 17, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by U.S. Mail.

                /s/ Kelly C. Hunsaker
                Kelly C. Hunsaker

50668144.doc