# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JUXTACOMM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASCENTIAL SOFTWARE CORPORATION, *et al.* <br><br> Defendants. | CIVIL ACTION NO. 2:07-CV-359 LED <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' JOINT OPPOSITION TO JUXTACOMM'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THEIR DEFENSE UNDER 28 U.S.C. § 1498(a)

John M. Desmarais
Robert A. Appleby
James E. Marina
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

Donald J. Curry
Marc J. Pensabene
FITZPATRICK, CELLA, HARPER
&  SCINTO
30 Rockefeller Plaza
New York, New York 10112

Eric M. Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
P.O. Box 2649
Longview, Texas 75606

Attorneys for *Defendants Ascential Software Corp. and International Business Machines Corp.*

Ruffin C. Cordell
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005

Kelly C. Hunsaker
FISH & RICHARDSON P.C.
500 Arguello Street, Ste. 500
Redwood City, CA 94063

W. Chad Shear
P. Weston Musselman, Jr.
Texas State Bar No. 14749600
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201

Eric H. Findlay
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler Texas  75703

Attorneys for *Defendant Microsoft Corp.*

# TABLE OF CONTENTS

INTRODUCTION AND RESPONSE TO JUXTACOMM'S STATEMENT OF "ISSUES BEFORE THE COURT" ..............................................................................................1

SUMMARY JUDGMENT STANDARD....................................................................................2

FACTUAL BACKGROUND......................................................................................................2

RESPONSE TO JUXTACOMM'S STATEMENT OF "UNDISPUTED FACTS" ........................3

ARGUMENT...............................................................................................................................4

I.      Legal Standards Applicable To Defendants' Affirmative Defense Under 28 U.S.C. § 1498(a). ....................................................................................................................4

II.     JuxtaComm's Exclusive Remedy With Respect To Accused Products Sold To The Government Is An Action Against The Government Under § 1498(a)...............................8

CONCLUSION.........................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*AM Int'l, Inc. v. United States*,
    227 Ct. Cl. 632 (Ct. Cl. 1981) ................................................................ 6, 7, 10, 11

*Bereslavsky v. Esso Standard Oil Co.*,
    175 F.2d 148 (4th Cir. 1949) ...................................................................... 6, 10, 11

*Carrier Corp. v. United States*,
    534 F.2d 244 (Ct. Cl. 1976) .................................................................................. 10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ................................................................................................ 2

*Crater Corp. v. Lucent Techs. Inc.*,
    255 F.3d 1361, 1364 (Fed. Cir. 2001),
    *cert. denied*, 535 U.S. 1073 (2002) ....................................................................... 5

*Drexler v. Koza*,
    88 F. Supp. 298 (W.D. Pa. 1950) ................................................................ 7, 10, 11

*Hughes Aircraft Co. v. United States*,
    29 Fed. Cl. 197 (Ct. Cl. 1993) ........................................................................... 8, 12

*Hughes Aircraft Co. v. United States*,
    534 F.2d 889 (Ct. Cl. 1976) ............................................................................ 4, 6, 9

*Madey v. Duke Univ.*,
    413 F. Supp. 2d 601 (M.D.N.C. 2006) ............................................................ 8, 12

*Motorola v. United States*,
    729 F.2d 765 (Fed. Cir. 1984) ................................................................................ 4

*Richmond Screw Anchor Co., Inc. v. United States*,
    275 U.S. 331 (1928) ................................................................................................ 5

*Sevenson Envtl. Svcs., Inc. v. Shaw Envtl., Inc.*,
    477 F.3d 1361 (Fed. Cir. 2007) ...................................................................... 10, 11

*Toxgon Corp. v. BNFL, Inc.*,
    312 F.3d 1379 (Fed. Cir. 2002) .............................................................................. 5

*TVI Energy Corp. v. Blane*,
    806 F.2d 1057 (Fed Cir. 1996) ................................................................. 2, 7, 8, 12

**Statutes**

28 U.S.C. § 1498(a) ................................................................................................. 1, 4, 6, 9

## INTRODUCTION AND RESPONSE TO JUXTACOMM'S STATEMENT OF "ISSUES BEFORE THE COURT"

The issue presented by JuxtaComm's motion for summary judgment is a straight-forward one: does JuxtaComm have a cause of action against the United States Government (the "Government") under 28 U.S.C. § 1498(a) for the Government's use of allegedly infringing products purchased from Defendants IBM and Ascential (collectively, "IBM") and Microsoft Corporation ("Microsoft")? The answer to this question is *yes*. Accordingly, under § 1498(a), JuxtaComm's *exclusive remedy* with respect to allegedly infringing products purchased by the Government from Defendants is an action for compensation against the Government in the Court of Federal Claims.

Under § 1498(a), "[w]henever an invention described in and covered by a patent of the United States *is used . . . by . . . the United States* without license of the owner thereof or lawful right to use . . . the same, *the owner's remedy shall be by action* against the United States in the United States Court of Federal Claims *for the recovery of his reasonable and entire compensation for such use* . . ." 28 U.S.C. § 1498(a). Moreover, a patent owner's remedy under § 1498(a) is an exclusive remedy — the supplier of an allegedly infringing product used by the Government *cannot be sued for patent infringement* with respect to the products sold to the Government:

> The Congressional history of § 1498 makes it clear that the policy behind the 1918 amendment was to relieve private Government contractors from expensive litigation with patentees, possible injunctions, payment of royalties, and punitive damages. *The amendment provided that the patentees' sole remedy was a suit against the United States in the Court of Claims.* The Act was amended in 1918 at the behest of the Secretary of the Navy who cited difficulties in procuring goods from private manufacturers necessary to meet military requirements of World War I.

*See, e.g., TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1059-60 (Fed Cir. 1996) (all emphases herein are supplied unless otherwise noted).

JuxtaComm alleges in this case that Defendants sold allegedly infringing products to the Government, which then allegedly used the products to perform data transformations in accordance with the '662 patent. Under these circumstances, § 1498(a) limits JuxtaComm's remedy with respect to these products to an action for compensation against the Government in the Court of Federal Claims, and renders Defendants immune from suit as to these products. JuxtaComm's motion for summary judgment on Defendants' "government contractor's defense" under § 1498(a) should therefore be denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *accord* Fed. R. Civ. P. 56(c). Furthermore, "[w]hen ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor." *Caterpillar Inc. v. Deere & Co.*, 224 F.3d 1374, 1379 (Fed. Cir. 2000).

## FACTUAL BACKGROUND

JuxtaComm contends that IBM infringes claims 1-12 and 17-19 and that Microsoft infringes claims 1-10 and 17-19 of the '662 patent by making and selling certain allegedly infringing products (the "Accused Products").[1] (D.I. 645, Ex. 4; D.I. 646, Ex. A.) Because

---
[1] The accused IBM products include: DataStage versions 6, 7, and 8; and Quality Stage version 8; DB2 Universal Database Versions 7 and 8; DB2 Data Warehouse Edition; DB2 Warehouse;
(Continued…)

claims 1-12 are "system" claims, and because an allegedly infringing system is not created until a customer actually installs and configures an Accused Product, JuxtaComm alleges that Defendants' customers directly infringe claims 1-12 by making and using the allegedly infringing systems, and that Defendants induce and contribute to that alleged direct infringement. (D.I. 645, Ex. 4; D.I. 646, Ex. A.) Claims 17-19, on the other hand, are "computer readable memory claims," and JuxtaComm alleges that Defendants both directly and indirectly infringe these claims. (D.I. 645, Ex. 4; D.I. 646, Ex. A.) Under both theories of infringement, Defendants' customers are alleged direct infringers of claims 17-19 because of their alleged use of the Accused Products. *See, e.g.*, 35 U.S.C. § 271(a) (defining direct infringement to include use of a patented invention).

**RESPONSE TO JUXTACOMM'S STATEMENT OF "UNDISPUTED FACTS"**

In its statement of "undisputed facts," JuxtaComm states that "[t]hough Defendants raised the government contractor's defense, the only evidence either Microsoft or the IBM Defendants indicated in support of the defense is their bald assertion of section 1498(a)'s applicability, combined with revenue data reflecting sales to the federal government." (Motion at 4.) That is incorrect. Defendants are not "baldly" asserting the applicability of § 1498(a) to the Accused Products sold to the Government. JuxtaComm concedes that "Defendants made sales of the accused products to the federal government." (*Id*.) Moreover, as discussed below, when the law is applied to Defendants' undisputed sales of Accused Products to the Government and the

---

and InfoSphere Warehouse; WebSphere Message Broker v.6; WebSphere Business Integration Message Broker v.5; WebSphere MQ Integrator v.2; WebSphere MQ Integrator Broker v.2; and MQSeries Integrator v.2; and WebSphere DataPower Integration Appliance XI50 Models 9003 and 9004 with the database feature option Versions 3.6.0 and 3.6.1. (*See* D.I. 645, Ex. 4.). The accused Microsoft products include: SQL Server versions 7.0, 2000, 2005, and 2008. (*See* D.I. 646, Ex. A.)

Government's alleged use of those products, § 1498(a) renders Defendants immune from suit with respect to their Government sales.

## ARGUMENT

I.  **Legal Standards Applicable To Defendants' Affirmative Defense Under 28 U.S.C. § 1498(a).**

Under the doctrine of eminent domain, the Government has the right to use all patented inventions, as well as the right to authorize its contractors to use all patented inventions. *See, e.g., Motorola v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984). If the Government exercises its right of eminent domain over a patented invention without obtaining a license from the patent owner, it must compensate the patent owner, as provided by 28 U.S.C. § 1498(a):

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.
>
> \*   \*   \*
>
> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498(a).

"By its express terms, 28 U.S.C. § 1498(a) vests exclusive jurisdiction in [the Court of Federal Claims] over patent infringement claims against the Government arising upon either one or both of the following two grounds: (1) unlicensed use or manufacture of a patented invention by the U.S. directly; and/or (2) unlicensed use or manufacture of a patented invention for the U.S. and with its authorization or consent." *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 897 (Ct. Cl. 1976).

In *Richmond Screw Anchor Co., Inc. v. United States*, 275 U.S. 331 (1928), the Supreme Court explained the purpose of § 1498(a), and also confirmed that a patent owner's remedy under § 1498(a) for the Government's unauthorized taking of a patented invention is the ***exclusive*** remedy:

> The purpose of the amendment was to relieve the ***contractor entirely from liability of every kind for the infringement of patents*** in manufacturing anything for the government, and to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. ***The word 'entire' emphasizes the exclusive and comprehensive character of the remedy provided.*** As the Solicitor General says in his brief with respect to the act, it is more than a waiver of immunity and effects an assumption of liability by the government.

*Id.* at 343-44.

Consistent with the exclusive remedy provided by § 1498(a), courts have held that in a lawsuit between private parties, § 1498(a) provides an affirmative defense to a contractor who has used or manufactured a patented invention for the Government.[2] *See, e.g., Crater Corp. v. Lucent Techs. Inc.*, 255 F.3d 1361, 1364 (Fed. Cir. 2001), *cert. denied*, 535 U.S. 1073 (2002) ("If a patented invention is used or manufactured for the government by a private party, that private

---

[2] Defendants agree with JuxtaComm and the Federal Circuit that § 1498(a) provides a Government contractor, such as IBM and Microsoft, with an affirmative defense, and not a jurisdictional bar. *See, e.g., Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1382 (Fed. Cir. 2002) ("Since section 1498(a) is an affirmative defense rather than a jurisdictional bar, the district court cannot dismiss this action under Federal Rule of Civil Procedure 12(b)(1)."). But, contrary to JuxtaComm's argument, even if § 1498(a) provided a jurisdictional bar rather than an affirmative defense, Defendants would still be immune from suit with respect to JuxtaComm's infringement claims based on Accused Products sold to the Government. For all of the same reasons discussed herein, the Court of Federal Claims — and not this Court — would have exclusive subject matter jurisdiction over those claims, while this Court would have exclusive subject matter jurisdiction over JuxtaComm's infringement claims based on Accused Products sold to customers other than the Government.

party cannot be held liable for patent infringement.") Under 1498(a), use or manufacture of a patented invention "for the United States" occurs when the use or manufacture was carried out with the Federal Government's "authorization or consent." 28 U.S.C. § 1498(a); *see also Hughes Aircraft*, 534 F.2d at 897-88.

In the situation where the Government purchases for its own use a contractor's product that turns out to be infringing, courts have either found that the "authorization or consent" requirement does not apply at all, or that the Government will be deemed to have implicitly authorized and consented to the contractor's infringement. For example, in *Bereslavsky v. Esso Standard Oil Co.*, 175 F.2d 148 (4th Cir. 1949), the Fourth Circuit, in dismissing a patent infringement claim against a contractor that supplied allegedly infringing fuel to the Government for use by the Government, held that the "authorization or consent" requirement — which is codified in the second paragraph of § 1498(a) — does not apply to the situation where a contractor supplies an infringing product to the United States *for the Government's own use*:

> It will be noted that [the second paragraph of § 1498(a)] ***deals, not with use of a patent by the government***, but with use by a contractor, subcontractor or other person for the government. In such case the use to come within the terms of the statute must be 'with the authorization or consent of the government'. ***Here the product of the patent was used by the government itself; and there would consequently seem to be no ground for the application of the [second paragraph of § 1498(a)],*** the purpose of which was to remove doubt as to whether the Act of 1918 applied to subcontractors.

*Bereslavsky*, 175 F.2d at 150.

Similarly, in *AM International, Inc. v. United States*, 227 Ct. Cl. 632 (Ct. Cl. 1981), the plaintiff sued the Government under § 1498(a) for the Government's use of off-the-shelf Kodak office copiers that allegedly infringed the plaintiff's patents. The Government moved to dismiss the action for lack of subject matter jurisdiction, arguing that it had not authorized Kodak to

6

infringe the plaintiff's patents. The court agreed that the Government had not authorized Kodak's alleged infringement, but found subject matter jurisdiction under § 1498(a) based on the Government's alleged use of the off-the-shelf copiers:

> In *Hughes Aircraft Co.* v. *United States,* 209 Ct. Cl. 446, 458, 534 F.2d 889, 897 (1976), we stated: "By its express terms, 28 U.S.C. § 1498(a) vests exclusive jurisdiction in this court over patent infringement claims against the Government arising upon either one or both of the following two grounds: (1) unlicensed use or manufacture of a patented invention by the U.S. directly; and/or (2) unlicensed use or manufacture of a patented invention *for the U.S.* and *with its authorization or consent*." Defendant contends, and we agree, that the United States cannot be deemed to have authorized or consented to Kodak's alleged infringement of plaintiff's patents. This eliminates the second ground for taking jurisdiction. ***The Government's briefs, however, wholly fail to negative the first ground, viz., "use by" the United States. Instead, "use" is virtually admitted -- and quite obvious under the circumstances. Jurisdiction plainly exists***.

*AM Int'l*, 227 Ct. Cl. at 632; *see also Drexler v. Koza*, 88 F. Supp. 298, 299 (W.D. Pa. 1950) (finding that defendant contractor was not required to prove "authorization or consent" by the Government because "the charge of infringement is against the very tools which were delivered to the Government for its use").

Other courts have found that the Government implicitly authorizes and consents to a contractor's alleged infringement of a patent when the Government requires a contractor to use or manufacture a product that turns out to be infringing, even if the Government did not know that the product was infringing. For example, in *TVI Energy*, prior to entering into a contract to purchase allegedly infringing thermal targets from a contractor, the Government required that the contractor demonstrate the targets to the Government. 806 F.2d at 1059. The Federal Circuit held that because the Government specifically required that the contractor demonstrate the allegedly infringing targets, the contractor was found to have acted with the Government's implied authorization and consent:

7

> We must also reject in this situation appellant's argument that Blane did not act with the "authorization or consent" of the Government because there was no authorization or consent letter. *Authorization or consent by the Government can be expressed in a form other than such a letter*. *In proper circumstances, Government authorization can be implied.* In this case, for instance, *Government authorization was expressed by the specific requirement that Blane demonstrate, under the guidelines of the bidding procedure*, *the allegedly infringing targets at Fort Knox*. The mere fact that the Government specifications for the targets did not absolutely require Blane to infringe TVI's patent at that demonstration does not extinguish the Government's consent. *To limit the scope of § 1498 only to instances where the Government requires by specification that a supplier infringe another's patent would defeat the Congressional intent to allow the Government to procure whatever it wished regardless of possible patent infringement. The coverage of § 1498 should be broad so as not to limit the Government's freedom in procurement by considerations of private patent infringement.*

*Id*. at 1060 (citations omitted); *see also Hughes Aircraft Co. v. United States*, 29 Fed. Cl. 197, 223 (Ct. Cl. 1993) ("[A]uthorization or consent will be found where the government requires the private contractor to use or manufacture the allegedly infringing device, even if the government does not know that the device infringes a patent."); *Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 609 (M.D.N.C. 2006) ("Implied authorization and consent will also be found where the government requires the private contractor to use or manufacture the allegedly infringing device.").

**II.    JuxtaComm's Exclusive Remedy With Respect To Accused Products Sold To The Government Is An Action Against The Government Under § 1498(a).**

The sole basis for JuxtaComm's summary judgment motion is its contention that the "Defendants have failed to identify any evidence . . . that sales made to the government were made with the government's authorization and consent for Defendants to infringe the '662 patent." (Motion at 4.) But JuxtaComm's motion is based on a fundamental misunderstanding of the scope of § 1498(a).

JuxtaComm concedes, as it must, that if it has a cause of action against the Government under § 1498(a) with respect to Accused Products purchased by the Government from the Defendants, then it must seek compensation from the Government in the Court of Federal Claims as to those products. (Motion at 1-2.) It is JuxtaComm's position, however, that it can only proceed with a § 1498(a) action against the Government if the Government authorized Defendants' manufacture of the Accused Products. (*See, e.g.,* Motion at 5.) ***But this is simply not the case.*** "By its express terms, 28 U.S.C. § 1498(a) vests exclusive jurisdiction in [the Court of Federal Claims] over patent infringement claims against the Government arising upon ***either one or both of the following two grounds***: (1) unlicensed use or manufacture of a patented invention by the U.S. directly; and/or (2) unlicensed use or manufacture of a patented invention for the U.S. and with its authorization or consent." *Hughes Aircraft*, 534 F.2d at 897. JuxtaComm rests its motion entirely on the second basis for an action under § 1498(a) — alleged unlicensed use or manufacture of a patented invention for the Government and with its authorization or consent — but ignores the first basis, which is also applicable here: alleged unlicensed use or manufacture of a patented invention by the Government directly.

Under the express terms of § 1498(a), because the Government is allegedly using the Accused Products, JuxtaComm may bring a § 1498(a) action against the Government based on the Government's alleged use, ***regardless of whether the Government authorized Defendants' alleged infringement***: "Whenever an invention described in and covered by a patent of the United States *is used . . . by . . . the United States* without license of the owner thereof or lawful right to use or manufacture the same, *the owner's remedy shall be by action* against the United States in the United States Court of Federal Claims *for the recovery of his reasonable and entire compensation for such use and manufacture*." 28 U.S.C. § 1498(a). And because § 1498(a)

9

provides the ***exclusive*** remedy with respect to the Government's alleged use of Accused Products, JuxtaComm ***must*** seek compensation against the Government for that alleged infringement in the Court of Federal Claims. The Defendants are thus immune from suit under § 1498(a). *See, e.g., Bereslavsky*, 175 F.2d at 150; *AM Int'l,* 227 Ct. Cl. at 632; *Drexler*, 88 F. Supp. at 299.

JuxtaComm's misunderstanding of the scope of § 1498(a) is illustrated by its reliance on *Carrier Corp. v. United States*, 534 F.2d 244 (Ct. Cl. 1976), and *Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc.,* 477 F.3d 1361 (Fed. Cir. 2007). Neither *Carrier* nor *Sevenson* involved the factual situation here, namely, the supply of an allegedly infringing product to the Government ***for use by the Government***. Rather, *Carrier* and *Sevenson* both concerned the issue of whether the Government authorized a contractor to infringe a patent in its provision of services to the Government; there was no allegation in either case that the contractor supplied an infringing product to the Government, which the Government then itself used.

For example, in *Carrier,* the issue was whether the plaintiff could sue the Government under § 1498(a) for a defendant's alleged infringement of the plaintiff's patents resulting from the defendant's use of certain refuse handling equipment in the performance of a service contract awarded by the Department of the Air Force. 534 F.2d at 246. Because — unlike here — there was no allegation of infringement by the Government itself, *Carrier* could only sue the Government under § 1498(a) if the Government authorized the defendants' alleged infringement. *Id*. at 247. After examining the contract between the Government and the defendant, the Court found that because the Government did not specify the type of equipment to be used by the defendant, the Government had not authorized the defendant's alleged infringement, and, consequently, could not be sued under § 1498(a). *Id*. at 248.

Similarly, in *Sevenson*, the plaintiff sued the defendant for patent infringement for allegedly using the plaintiff's patented method in performing a cleanup of a lead-contaminated parcel of land on behalf of the U.S. Army Corps of Engineers. 477 F.3d at 1363. Because there was no allegation in *Sevenson* that the Government itself was using the plaintiff's invention, the defendant could only rely on § 1498(a) as a defense if it could prove that its alleged infringement was authorized by the Government. *Id*. at 1366-67. After reviewing the agreement between the Government and the defendant, the court found that the agreement required the defendant to use the allegedly infringing method, and concluded that the defendant was immune from suit under § 1498(a). *Id.* at 1367.

In this case, unlike both *Carrier* and *Sevenson*, **the Government itself is allegedly using JuxtaComm's patented invention.** JuxtaComm therefore has a cause of action against the Government under the express terms of § 1498(a), regardless of whether the Government authorized Defendants to manufacture the allegedly infringing products. And because § 1498(a) provides JuxtaComm's **exclusive remedy** with respect to these products, Defendants are immune from suit as to these products. *See, e.g., Bereslavsky*, 175 F.2d at 150; *AM Int'l,* 227 Ct. Cl. at 632; *Drexler*, 88 F. Supp. at 299.

Moreover, even if Defendants were required to prove that the Government authorized their alleged infringement of JuxtaComm's patent, the law is clear that the Government has implicitly authorized Defendants' alleged infringement. Here, the Government elected to purchase specific products — for example IBM's DataStage 6.0 product or Microsoft's SQL Server 7.0 product — from Defendants, which are the subject of infringement allegations by JuxtaComm. Because the Government elected to purchase these specific products, Defendants could not deliver them to the Government without allegedly infringing JuxtaComm's patent.

11

Under these circumstances, by requiring that Defendants supply specific products that are alleged to infringe JuxtaComm's patent, the Government has implicitly authorized the Defendants' alleged infringement. *See, e.g.*, *TVI Energy*, 806 F.2d at 1060 ("In proper circumstances, Government authorization can be implied. In this case, for instance, Government authorization was expressed by the specific requirement that Blane demonstrate, under the guidelines of the bidding procedure, the allegedly infringing targets at Fort Knox."); *see also Hughes Aircraft*, 29 Fed. Cl. at 223 ("[A]uthorization or consent will be found where the government requires the private contractor to use or manufacture the allegedly infringing device, even if the government does not know that the device infringes a patent."); *Madey*, 413 F. Supp. 2d at 609 ("Implied authorization and consent will also be found where the government requires the private contractor to use or manufacture the allegedly infringing device.").

In view of the foregoing, and whether or not the Government's authorization is required, Defendants are immune from suit for their sales of Accused Products to the Government for the Government's use. To hold otherwise would thwart the very intent of § 1498(a), which is "to allow the Government *to procure whatever it wished regardless of possible patent infringement*. The coverage of § 1498 *should be broad so as not to limit* the Government's freedom in procurement by considerations of private patent infringement." *TVI Energy*, 806 F.2d at 1060.

## CONCLUSION

For all of the foregoing reasons, JuxtaComm's motion for summary judgment should be denied.

Respectfully submitted,

_____
Eric M. Albritton
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
ema@emafirm.com

John M. Desmarais
Robert A. Appleby
James E. Marina
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Fax: (212) 446-4900

Donald J. Curry
Marc J. Pensabene
FITZPATRICK, CELLA, HARPER &
 SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

Attorneys for *Defendants Ascential Software Corp. and International Business Machines Corp.*

/s/ Kelly C. Hunsaker (with permission)
Kelly C. Hunsaker (admitted pro hac vice)
(e-mail: hunsaker@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Ruffin C. Cordell
Texas Bar No. 04820550
(e-mail: cordell@fr.com)
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

W. Chad Shear
Texas State Bar No. 24013493
(e-mail: shear@fr.com)
P. Weston Musselman, Jr.
Texas State Bar No. 14749600
(e-mail: musselman@fr.com)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Eric H. Findlay
Texas State Bar No. 00789886
(e-mail: efindlay@findlaycraft.com)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Attorneys for *Defendant Microsoft Corp.*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Disclosure of Asserted Claims and Infringement Contentions was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 4th day of September, 2009.

Eric M. Albritton