IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JUXTACOMM TECHNOLOGIES, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ASCENTIAL SOFTWARE<br>CORPORATION, et al.,<br><br>　　　　Defendants. | Civil Action No. 2:07-CV-359 LED |

**MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

I.   ARGUMENT

JuxtaComm's opposition to Microsoft's motion for partial summary judgment of no willful infringement shows the double standard JuxtaComm wants to apply to the objective prong of the willfulness inquiry. Specifically, JuxtaComm writes in its opposition that, "a reasonable person in Microsoft's position would have been aware that JuxtaComm was actively enforcing its patent and that other companies were taking licenses out to avoid infringing a valid patent." [Docket No. 680 at 11-12.] JuxtaComm's primary evidence to support that statement is an article from the Calgary Herald, not any communication with Microsoft. If a reasonable person in Microsoft's position would know about a 2004 article from a Canadian newspaper, they certainly would have known about InfoPump – a prior art system that was publicly available as early as 1993, and a prior art system that completely invalidates JuxtaComm's patent. Indeed, JuxtaComm does not dispute in its brief that its only arguments against invalidity directly violate this Court's claim construction order and are therefore improper. If an objective person in Microsoft's situation knew *anything* about the industry, they would have known that JuxtaComm's patent was invalid. InfoPump is merely one compelling example of invalidity – a reference which JuxtaComm chose not to rebut in its opposition.

Contrary to JuxtaComm's statements, Microsoft's motion is not based on information that could not have been known to an objectively reasonable person at the time of its first alleged infringement in 2001. The prior art does not simply spring into existence after a lawsuit is filed, even if the gathering of evidence does not begin in earnest until after a party is hauled into court against its will. The reexamination is merely an additional piece of evidence that shows, objectively, that there was material prior art – including InfoPump – that was available before the patent was filed and that the Patent Office, objectively, believes raises substantial questions about whether the '662 patent should have issued. An objective person would have reached the

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT - Page 1

same conclusion as the Patent Office viewing InfoPump and the '662 patent at that time (indeed, at any time after InfoPump became publicly available in 1993), and would have questioned how the '662 patent as currently construed could have issued in such a crowded field.  Whether Microsoft subjectively knew of InfoPump at the time is "not relevant" to this analysis.  *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

This is why numerous decisions both before and after *Seagate* have held that defenses developed during trial are relevant in deciding whether a Defendant's infringement was or was not willful.  *See Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1337 (Fed. Cir. 2009)[1] (holding that "the record developed in the infringement proceeding in this case, viewed objectively" defeated the first prong of the *Seagate* inquiry); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1347 (Fed. Cir. 2004) (en banc) (holding that the existence of a substantial defense to infringement is one factor to consider in the willfulness inquiry); *Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1461 (Fed. Cir. 1998) (en banc) (noting the closeness of the case as one factor weighing against a finding of willfulness).  A product works the way it works, and a patent says what it says, no matter when they are considered.  An objective person would presumably have read the patent, know what the product does, and know the scope and content of the prior art, even if subjectively those facts were not known at the time.  Any attempt to determine what was actually known to an alleged infringer at any given time is necessarily an effort to determine its subjective state of mind, which "is not relevant" to the objective analysis.  *Seagate*, 497 F.3d at 1371.

---

[1] JuxtaComm argues that the cases cited in Microsoft's opening brief are "non-binding or distinguishable," but it does not even attempt to distinguish the holding in *Depuy Spine*, the most recent Federal Circuit case on point.

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT - Page 2

At the end of its brief, JuxtaComm presents a set of purported facts that it believes support its argument that Microsoft was subjectively reckless. Microsoft has presented many facts that refute this theory in its opposition to JuxtaComm's motion for summary judgment on equitable issues (*See* Docket No. 679), namely that JuxtaComm was pushing for the purchase of an unprofitable company for exorbitant amounts of money, rather than seeking a fair licensing arrangement. Microsoft respectfully believes that these facts distinguish this case from *i4i Limited Partnership v. Microsoft Corp.*, No. 6:07-CV-113, 2009 WL 2449024 (E.D. Tex. August 11, 2009), which JuxtaComm relies on almost exclusively in its opposition brief. But these factual disputes are immaterial for the purposes of this motion, which is based on *Seagate's* objective prong. The only relevant inquiry is whether JuxtaComm can meet the clear and convincing burden to show that Microsoft acted despite an *objectively* high likelihood that its actions constituted infringement of a *valid* patent. *Seagate*, 497 F.3d at 1371.

Here, JuxtaComm has presented absolutely no response to Microsoft's invalidity argument. Without any argument that InfoPump does not invalidate the '662 patent, an objective actor would have had no difficulty in deciding to continue selling the accused software. The strength of this art (and the absence of any rebuttal) demonstrates that Microsoft's alleged infringement cannot be willful. That the Patent Office has granted reexamination on the '662 patent, finding that InfoPump and other prior art show substantial new questions regarding whether the '662 patent should have ever issued in the first place, also presents relevant objective evidence that bolsters this conclusion. Since JuxtaComm has offered no evidence of *objective* recklessness, much less the clear and convincing evidence that is required, the Court should grant Microsoft's motion for partial summary judgment of no willful infringement.

Dated: September 18, 2009

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ Kelly C. Hunsaker
Ruffin C. Cordell
Texas Bar No. 04820550
(e-mail: cordell@fr.com)
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Kelly C. Hunsaker (admitted pro hac vice)
(e-mail: hunsaker@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

W. Chad Shear
Texas State Bar No. 24013493
(e-mail: shear@fr.com)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Eric H. Findlay
Texas State Bar No. 00789886
(e-mail: efindlay@findlaycraft.com)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Counsel for Defendant
MICROSOFT CORPORATION

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 18, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by U.S. Mail.

                                        /s/ Kelly C. Hunsaker
                                            Kelly C. Hunsaker

50673121.doc