**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JUXTACOMM TECHNOLOGIES, INC. | § |
| | § |
| PLAINTIFF, | § |
| | § |
| v. | §    Civil Action No. 2:07-CV-00359-LED |
| | § |
| ASCENTIAL SOFTWARE CORP., ET AL., | § |
| | § |
| DEFENDANTS. | § |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on October 29, 2009, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.**    **COUNSEL FOR THE PARTIES**

**Plaintiff JuxtaComm Technologies, Inc. ("JuxtaComm"):**

> R. Laurence Macon (Lead Attorney)
> Kirt S. O'Neill
> Melanie G. Cowart
> Holly Dekan
> Harry Lee Laxton, Jr.
> AKIN GUMP STRAUSS HAUER & FELD LLP
> 1600 Bank of America Plaza
> 300 Convent Street
> San Antonio, TX 78205
> Telephone: 210-281-7000

Colleen M. Coyle
Michael L. Kiklis
Amanda R. Johnson
1333 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288

Steven M. Zager
Texas State Bar No. 22241500
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Fax: (212) 872-1002

-and-

T. John Ward, Jr.
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Fax: (903) 757-2323

**Defendant Microsoft Corporation ("Microsoft"):**

Ruffin B. Cordell (Lead Attorney)
Fish & Richardson P.C.
1425 K Street, N.W.
Suite 1100
Washington, D.C. 20005
(202) 783-5070
(202) 783-2331 Facsimile

Eric Findlay
Findlay Craft, LLP
6760 Old Jacksonville Hwy, Ste. 101
Tyler, TX 75703
(903) 534-1100
(903) 534-1137 Facsimile

Kelly Hunsaker
Jerry T. Yen
Jonathan Lamberson
FISH & RICHARDSON P.C.
500 Arguello Street, Ste. 500

Redwood City, CA 94063
(650) 839-5070
(650) 839-5071 Facsimile

W. Chad Shear
P. Weston Musselman, Jr.
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070
(214) 747-2091 Facsimile

**Defendants Ascential Software Corporation ("Ascential") and International Business Machines Corporation ("IBM", and collectively with Ascential, "IBM Defendants"):**

John M. Desmarais (Lead Attorney)
Robert A. Appleby
James E. Marina
Andrew G Heinz
Jason Choy
Kirkland & Ellis LLP
601 Lexington Avenue
New York , NY 10022
Telephone: (212)446-4971
Fax: (212) 446-4900

Eric Albritton (Lead Attorney)
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, Texas 75601
(903) 757-8449
(903) 758-7397 Facsimile

Marc Pensabene
Donald Curry
Joanna L. Garelick
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 218-2100
Fax: (212) 218-2200

**B.     STATEMENT OF JURISDICTION**

Jurisdiction in this case is based on Title 28 U.S.C. §§ 1331 and 1338(a) in that this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.* The Court has personal jurisdiction over all parties with respect to the averments in their respective pleadings. Venue is proper in this district with respect to the averments in the parties' respective pleadings. Jurisdiction and venue are not disputed.

**C.     NATURE OF ACTION**

This is an action for alleged infringement of United States Patent No. 6,195,662 (the "'662 Patent") brought by JuxtaComm against Microsoft and the IBM Defendants. Microsoft and the IBM Defendants have counterclaimed against JuxtaComm for declaratory judgment of no infringement and invalidity. JuxtaComm seeks past and future damages but does not seek an injunction.

**D.     CONTENTIONS OF THE PARTIES**

The parties set forth below a summary of their respective contentions in this case. The parties do not necessarily agree with each other's summaries. The parties reserve all objections and the right to present any issues properly raised by pleadings, discovery, or statements in this document.

**Plaintiff JuxtaComm's Contentions:**

On or about June 3, 1996, inventors Darin Ellis and Michael Doyle conceived of a system for transforming and exchanging data between distributed heterogeneous computer systems. This invention lead to the June 27, 1997 filing of the provisional patent application that ultimately resulted in United States Patent No. 6,195,662 B1 being issued on February 27, 2001. Since the filing date of the '662 Patent, JuxtaComm contends that the Defendants have infringed

4

and continue to infringe one or more of claims 1-12 and 17-19 of the '662 Patent either directly or by contributory infringement or inducement of others to infringe (including but without limitation, by violating 35 U.S.C. §§ 271 (a), (b), (c) and (f)). The Defendants' infringing acts include, but are not limited to, (a) making, using, selling, or offering for sale; (b) importing into the United States; and (c) supplying or causing to be supplied in or from the United States for use or combination abroad, components of the patented invention. Each of the Defendants is liable for infringement of the '662 Patent pursuant to 35 U.S.C. § 271. As a result of the Defendants' infringing acts, JuxtaComm has been damaged and JuxtaComm is entitled to recover for the damages sustained. Additionally, the Defendants' infringement of the patent was and is willful and deliberate. The Defendants received actual notice regarding the patent directly from JuxtaComm yet did nothing despite an objectively high likelihood that their actions constituted infringement of a valid patent and the Defendants knew or should have known that risk. JuxtaComm contends it is entitled to enhanced damages up to three times the amount awarded by the jury under 35 U.S.C. § 284 for the Defendants' willful infringement. Additionally, JuxtaComm contends that this case is exceptional and that JuxtaComm should therefore be awarded its reasonable attorney fees pursuant to 35 U.S.C. § 285.

JuxtaComm also contends that the asserted claims of the '662 Patent are valid. The prior art asserted by the Defendants does not anticipate or render obvious any asserted claims. Further, JuxtaComm's claims are not barred in whole or in part by the equitable doctrines of laches, equitable estoppel, unclean hands and/or waiver.

5

**Defendant Microsoft's Contentions:**

Microsoft contends that it does not and has not infringed any asserted claim of the '662 Patent (currently claims 1-10 and 17-19)[1] in any way, including directly, by contributory infringement or inducement, or by exporting alleged components of an allegedly infringing product. Additionally, Microsoft contends that the asserted claims of the '662 Patent are invalid as anticipated and obvious over the prior art, including Microsoft's own prior invention of an accused product, SQL Server DTS, if found to infringe. Microsoft also contends that the named inventors, Darin Ellis and Michael Doyle, did not conceive of their alleged invention on June 3, 1996 and have no corroboration for such a conception date. Microsoft also contends that JuxtaComm's claims are barred in whole or in part by the equitable doctrines of laches, unclean hands, estoppel, and waiver. Microsoft further contends that JuxtaComm is not entitled to damages. Microsoft also contends that JuxtaComm is not entitled to seek a remedy for any alleged infringement occurring outside of the United States, and that JuxtaComm is not entitled to damages based on the entire market value of SQL Server. Further, Microsoft contends that JuxtaComm's claims for damages are limited by 35 U.S.C. §§ 286 and/or 287 and JuxtaComm's remedies are further limited under 28 U.S.C. § 1498. Finally, Microsoft contends that its alleged infringement was not willful, denies that JuxtaComm is entitled to any enhanced damages, and denies that JuxtaComm should be awarded attorneys fees or any other remedy; instead Microsoft contends that JuxtaComm's conduct renders this case an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of attorneys' fees.

---

[1] These are the only claims the JuxtaComm is asserting against Microsoft.

6

**Defendants Ascential's and IBM's Contentions:**

The IBM Defendants contend that they do not and have not directly or indirectly infringed any of claims 1-12 or 17-19 of the '662 Patent, which are the claims asserted against the IBM Defendants. The IBM Defendants also contend that claims 1-12 and 17-19 of the '662 Patent are invalid because they do not comply with the requirements of 35 U.S.C. §§ 102 and 103. The IBM Defendants also contend that a number of the Accused IBM Products have predecessor versions that are prior art to the '662 Patent and that use the same technology as the Accused IBM Products, and that based on JuxtaComm's allegations of infringement, if true, those predecessor versions necessarily invalidate the '662 Patent. The IBM Defendants also contend that JuxtaComm's claims are barred in whole or in part by the equitable doctrines of laches, equitable estoppel, and waiver. The IBM Defendants also contend that JuxtaComm failed to properly mark products sold and licensed under the '662 Patent as required by 35 U.S.C. § 287; that JuxtaComm's claims for damages are limited by the six year statute of limitations of 35 U.S.C. § 286; and that the IBM Defendants are immune from suit under 28 U.S.C. § 1498 with respect to Accused IBM Products sold to the United States Government. The IBM Defendants also contend that JuxtaComm is not entitled to seek a remedy for any alleged infringement occurring outside of the United States, and that JuxtaComm is not entitled to damages based on the entire market value of the Accused IBM Products. The IBM Defendants also contend that the inventors of the '662 patent did not conceive of the claimed inventions on or about June 3, 1996, that JuxtaComm cannot corroborate that alleged conception date, and that JuxtaComm is not entitled to an invention date for each of claims 1-12 and 17-19 of the '662 Patent for prior-art purposes before the provisional filing date, June 27, 1997. The IBM Defendants also contend that they have not willfully infringed the '662 Patent, and that

JuxtaComm is not entitled to enhanced damages. The IBM Defendants deny that their conduct renders this case an exceptional case under 35 U.S.C. § 285, but contend that JuxtaComm's conduct renders this case an exceptional case under 35 U.S.C. § 285, entitling the IBM Defendants to an award of attorneys' fees.

## E.    STIPULATIONS AND UNCONTESTED FACTS

The following is a list of uncontested facts and stipulations entered into by the remaining parties:

1.    United States Patent 6,195,662 B1 was issued on February 27, 2001 after a provisional patent application was filed by Darin Ellis and Michael Doyle on June 27, 1997.

2.    JuxtaComm is and at all times has been the true record owner of the '662 Patent.

3.    JuxtaComm is a corporation duly organized and existing under the laws of Canada, having its principal place of business in Calgary, Alberta, Canada.

4.    Microsoft is a corporation duly organized and existing under the laws of Washington,  having its principal place of business in Redmond, Washington.

5.    IBM is a corporation duly organized and existing under the laws of New York, having its principal place of business in Armonk, New York.

6.    Ascential is a corporation duly organized and existing under the laws of Delaware, having its principal place of business in Westborough, Massachusetts.

7.    JuxtaComm filed this lawsuit against the Defendants on August 17, 2007.

8.    The Parties incorporate by reference their March 29, 2009 Stipulation (Docket No. 534) and their two July 1, 2009 Stipulations (Docket Nos. 624 and 625).

## F. CONTESTED ISSUES OF FACT AND LAW

The following contentions are each party's statement of what it believes the issues in this case to be. The parties do not necessarily agree with each other's contentions as set forth herein. No party waives any objection to any issue, evidence, or argument being presented to the Court or at trial based on the opposing party's statements herein. No party waives the right to present any issue, evidence, or argument to the Court or at trial based on the opposing party's statements herein. Nothing in these contested issues of fact and law is intended to be a concession regarding the admissibility of any evidence or issue. In addition, the parties note that certain of these contested issues of fact and law may be obviated by, for example, the Court's rulings on the pending motions for summary judgment, motions *in limine*, etc. Further, to the extent any issue is deemed to be an issue of law as opposed to fact or fact as opposed to law, it is incorporated into the appropriate section. Finally, the parties preserve all their objections to the Court's claim constructions.

### 1. JuxtaComm's Contested Issues of Fact:

To the extent any issue of fact discussed herein is deemed to be an issue of law, it is incorporated into JuxtaComm's Contested Issues Of Law below.

1. Whether Defendants' products infringe one or more of the claims of the '662 Patent.

2. What damages JuxtaComm is entitled to due to the Defendants' infringement of the '662 patent.

3. Whether JuxtaComm's damages should be enhanced by up to three times due to the willful infringement of the Defendants.

4. Whether this is an exceptional case under 35 U.S.C. § 285 such that JuxtaComm may be awarded its reasonable attorney fees and costs.

5. Whether the Defendants have proven by clear and convincing evidence that the '662 Patent is invalid.

6. Whether the Defendants have proven their affirmative defenses of waiver and unclean hands by clear and convincing evidence.

7. Whether the Defendants have proven, by a preponderance of the evidence, their affirmative defenses of laches, estoppel and equitable estoppel.

**2. The IBM Defendants' Contested Issues of Fact:**

To the extent any issue of fact discussed herein is deemed to be an issue of law, it is incorporated into the IBM Defendants' Contested Issues Of Law below.

1. Whether JuxtaComm has proven by a preponderance of the evidence that the IBM Defendants have directly literally infringed claims 17-19 of the '662 Patent under 35 U.S.C. § 271(a) by making, selling, and/or offering for sale the following products (the "Accused IBM Products"):

- Ascential's DataStage version 6

- IBM's Websphere DataStage versions 6 and 7

- IBM InfoSphere DataStage version 8 (exclusive of the DataStage MVS Editions)

- QualityStage version 8

- All versions of Ascential Enterprise Integration Suite that include DataStage versions 6 or higher, excluding MVS Editions

- DB2 Universal Database Version 7, Personal Edition

- DB2 Universal Database Version 7, Workgroup Edition

- DB2 Universal Database Version 7, Enterprise Edition

- DB2 Universal Database Version 7, Enterprise Extended Edition

- DB2 Universal Database Version 7, Personal Developer's Edition

- DB2 Universal Database Version 7, Universal Developer's Edition

- DB2 Universal Database Version 8, Everyplace

- DB2 Universal Database Version 8, Personal Edition

- DB2 Universal Database Version 8, Express Editions

- DB2 Universal Database Version 8, Workgroup Server Edition

- DB2 Universal Database Version 8, Workgroup Server Unlimited Edition

- DB2 Universal Database Version 8, Enterprise Server Edition

- DB2 Universal Database Version 8, Personal Developer's Edition

- DB2 Universal Database Version 8, Universal Developer's Edition

- DB2 Data Warehouse Edition 9

- DB2 Warehouse 9.5

- InfoSphere Warehouse 9.5.1

- WebSphere Message Broker v.6

- WebSphere Business Integration Message Broker v.5

- WebSphere MQ Integrator v.2

- WebSphere MQ Integrator Broker v.2

- MQSeries Integrator v.2

- WebSphere DataPower Integration Appliance XI50 Models 9003 and 9004 with the database feature option Versions 3.6.0 and 3.6.1

2.      Whether JuxtaComm has proven by a preponderance of the evidence that customers of the Accused IBM Products have directly literally infringed claims 1-12 and 17-19 of the '662 Patent under 35 U.S.C. § 271(a), and that the IBM Defendants induced that alleged direct literal infringement under 35 U.S.C. § 271(b).

3.      Whether JuxtaComm has proven by a preponderance of the evidence that customers of the Accused IBM Products have directly literally infringed claims 1-12 and 17-19 of the '662 Patent under 35 U.S.C. § 271(a), and that the IBM Defendants contributed to that alleged direct literal infringement under 35 U.S.C. § 271(c).

4.      Whether JuxtaComm has proven by a preponderance of the evidence that the IBM Defendants literally infringed claims 1-12 and 17-19 of the '662 Patent under 35 U.S.C. § 271(f) by supplying, or causing to be supplied, Accused IBM Products to foreign customers from the United States.

5.      Whether JuxtaComm has proven by clear and convincing evidence that the IBM Defendants' alleged infringement of the '662 Patent was willful.

6.      Whether claims 1-12 and 17-19 of the '662 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

7.      Whether claims 1-12 and 17-19 of the '662 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

8.      Whether JuxtaComm has proven that it is entitled to its alleged invention date, including whether JuxtaComm has proven and corroborated alleged conception and alleged diligent reduction practice.

9.      Whether JuxtaComm's claims against the IBM Defendants are barred in whole or in part by the equitable doctrines of waiver, equitable estoppel and/or laches.

10. Whether JuxtaComm failed to properly mark any of its relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that the IBM Defendants' actions allegedly infringed the '662 Patent.

11. Whether the IBM Defendants are immune from suit with respect to Accused IBM Products sold to the United States Government.

12. What damages, if any, is JuxtaComm entitled to receive should the jury find infringement.

13. Whether JuxtaComm has proven that it is entitled to base its alleged damages on the entire market value of the Accused IBM Products.

### 3. Microsoft's Contested Issues of Fact:

To the extent any issue of fact discussed herein is deemed to be an issue of law, it is incorporated into Microsoft's Contested Issues Of Law below.

1. Whether JuxtaComm has proven by a preponderance of the evidence that Microsoft has directly infringed claims 17-19 of the '662 Patent under 35 U.S.C. § 271(a) by making, selling, and/or offering for sale the following products (the "Accused Microsoft Products"):

- SQL Server 7.0 with Data Transformation Services ("DTS")
- SQL Server 2000 with DTS
- SQL Server 2005 with SQL Server Integration Services ("SSIS")
- SQL Server 2008 with SSIS

2. Whether JuxtaComm has proven by a preponderance of the evidence that customers of the Accused Microsoft Products have directly infringed claims 1-10 and 17-19 of

the '662 Patent under 35 U.S.C. § 271(a), and that the Microsoft Defendants induced or contributed to that alleged direct infringement under 35 U.S.C. § 271(b) and (c).

3.　　Whether JuxtaComm has proven by a preponderance of the evidence that Microsoft infringed claims 1-12 and 17-19 of the '662 Patent under 35 U.S.C. § 271(f) by supplying, or causing to be supplied, Accused Microsoft Products to foreign customers from the United States.

4.　　Whether JuxtaComm has proven by clear and convincing evidence that Microsoft's alleged infringement of the '662 Patent was willful.

5.　　Whether claims 1-12 and 17-19 of the '662 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102 & 103.

6.　　Whether JuxtaComm is entitled to its alleged conception date.

7.　　Whether JuxtaComm's claims against Microsoft are barred in whole or in part by the equitable doctrines of laches, unclean hands, waiver and/or equitable estoppel.

8.　　Whether JuxtaComm failed to properly mark any of its relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Microsoft's actions allegedly infringed the '662 Patent.

9.　　Whether Microsoft is immune from suit with respect to Accused Microsoft Products sold to the United States Government.

10.　What damages, if any, is JuxtaComm entitled to receive should the jury find infringement.

11.　Whether JuxtaComm can base its damages on the entire market value of the Accused Microsoft Products.

### 4. JuxtaComm's Contested Issues of Law:

To the extent any issue of law discussed herein is deemed to be an issue of fact, it is incorporated into JuxtaComm's Contested Issues Of Fact above.

1.     Whether the claims of the '662 Patent are invalid for obviousness.

2.     Whether JuxtaComm's claims of infringement are barred by equitable estoppel.

3.     Whether, if there is a verdict of willful infringement, JuxtaComm is entitled to any enhanced damages under 35 U.S.C. §284.

4.     Whether, if there is a verdict of infringement and monetary damages are awarded, JuxtaComm is entitled to any pre- and post-judgment interest and/or costs of suit.

5.     Whether, if there is a verdict of infringement, JuxtaComm is entitled to damages resulting from the foreign sales of the Defendants' infringing products.

6.     Whether the Defendants have a failure of proof on any of their claims or defenses.

### 5. The IBM Defendants' Contested Issues of Law:

To the extent any issue of law discussed herein is deemed to be an issue of fact, it is incorporated into the IBM Defendants' Contested Issues Of Fact above.

1.     Whether claims 1-12 and 17-19 of the '662 Patent are invalid for obviousness under 35 U.S.C. § 103.

2.     Whether JuxtaComm is barred from asserting the '662 Patent against the IBM Defendants in whole or in part under the equitable doctrines of laches, equitable estoppel, and waiver.

3.     Whether, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application for the '662 Patent, JuxtaComm is estopped from

asserting any construction of the claims of the '662 Patent that would cover any of the Accused IBM Products.

4.     If the IBM Defendants are found to infringe the '662 Patent and damages are awarded to JuxtaComm, the amount of any prejudgment interest due to JuxtaComm on account of those damages.

5.     If the IBM Defendants are found to infringe the '662 Patent, whether JuxtaComm is entitled to damages for foreign copies of the Accused IBM Products.

6.     Whether, if the IBM Defendants are found to have willfully infringed the '662 Patent, JuxtaComm is entitled to enhanced damages.

7.     Whether this case is exceptional under 35 U.S.C. § 285.

8.     Whether the Court should award any party its attorneys' fees or costs.

9.     Whether JuxtaComm has a failure of proof on any of its claims or defenses.

**6.     Microsoft's Contested Issues of Law:**

To the extent any issue of law discussed herein is deemed to be an issue of fact, it is incorporated into Microsoft's Contested Issues Of Fact above.

1.     Whether claims 1-10 and 17-19 of the '662 Patent are invalid for obviousness under 35 U.S.C. § 103.

2.     Whether JuxtaComm is barred from asserting the '662 Patent against Microsoft in whole or in part under the equitable doctrines of laches, unclean hands, equitable estoppel, and/or waiver.

3.     Whether, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application for the '662 Patent, JuxtaComm is estopped from

asserting any construction of the claims of the '662 Patent that would cover any of the Accused Microsoft Products.

4. If Microsoft is found to infringe the '662 Patent and damages are awarded to JuxtaComm, the amount of any pre-judgment interest due to JuxtaComm on account of those damages.

5. Whether, if Microsoft is found to have willfully infringed the '662 Patent, JuxtaComm is entitled to enhanced damages.

6. Whether this case is exceptional under 35 U.S.C. § 285.

7. Whether the Court should award any party its attorneys' fees or costs.

8. Whether JuxtaComm is entitled to damages for foreign copies of the Accused Microsoft Products.

9. Whether JuxtaComm has a failure of proof on any of its claims or defenses.

**G.  LIST OF WITNESSES**

1. JuxtaComm's list of trial witnesses who (1) will be called to testify at trial, (2) may be called to testify at trial, and (3) may be presented by deposition testimony at trial is attached as Exhibit A.

2. The IBM Defendants' list of trial witnesses who (1) will be called to testify at trial, (2) may be called to testify at trial, and (3) may be presented by deposition testimony at trial is attached as Exhibit B.

3. Microsoft's list of trial witnesses who (1) will be called to testify at trial, (2) may be called to testify at trial, and (3) may be presented by deposition testimony at trial is attached as Exhibit C.

4. For the witnesses identified to be presented by deposition testimony at trial, the parties provided all opening deposition designations on September 17, 2009; will provide counter designations and objections to opening designations on October 5, 2009; and rebuttal designations and objections to counter designations on October 12, 2009, in accordance with the Court's Docket Control Order (Docket No. 174), as modified and amended.

## H.    LIST OF EXHIBITS

The parties will file their respective exhibit lists on September 24, 2009 in accordance with the Amended Docket Control Order. Thereafter, the parties will meet and confer regarding exhibits and exhibit lists, including objections due October 19, 2009, and will provide the Court with an original set of exhibits and three copies of the parties' respective exhibit lists on November 9, 2009 in accordance with the Docket Control Order.

## I.    LIST OF ANY PENDING MOTIONS

The following Motions are currently pending before the Court:

1. *Defendants' Joint Motion to Compel Production of Certain Documents Listed on Plaintiff's Privilege Log* (Docket No. 576);

2. *IBM's Motion for Summary Judgment* (Docket No. 645);

3. *Microsoft Corporation's Motion for Summary Judgment of No Infringement* (Docket 646);

4. *Microsoft Corporation's Motion for Partial Summary Judgment of No Willful Infringement* (Docket No. 647);

5. *JuxtaComm's Motion for Partial Summary Judgment on Defendants' Assertion of the "Government Contractor's Defense* (Docket No. 648);

6. *Microsoft Corporation's Motion for Partial Summary Judgment of Non-Infringement by Foreign Sales and Daubert Motion to Preclude Expert Testimony Re Foreign Sales* (Docket No. 657);

7. *Microsoft Corporation's Motion for Partial Summary Judgment that the Entire Market Value Rule Does Not Apply and Daubert Motion to Preclude Michael J. Dansky's Expert Testimony Regarding Damages* (Docket No. 651);

8.    *Microsoft Corporation's Motion for Summary Judgment of Non-Infringement Under Doctrine of Equivalents* (Docket No. 652);

9.    *Plaintiff's Motion for Partial Summary Judgment on Equitable Affirmative Defenses Asserted by Defendants* (Docket No. 653); and

10.   *Defendants' Motion to Strike Certain Paragraphs of the Rudd and Dansky Declarations* (Docket No. 712).

## J.    PROBABLE LENGTH OF TRIAL

JuxtaComm proposes fourteen (14) days for trial. The IBM Defendants and Microsoft propose ten (10) days for trial.

## K.    MANAGEMENT CONFERENCE LIMITATIONS

1.    The Pretrial Conference is pending and scheduled for October 29, 2009 at 9:00 a.m., in Tyler, Texas.

### Demonstrative Exhibits

2.    The parties agree that "demonstrative exhibits" and "demonstratives" include any graphic, illustration, animation, tangible item or the like offered to demonstrate, illustrate or explain. The parties further agree that "demonstrative exhibits" and "demonstratives" include any graphic, illustration, animation, tangible item or the like offered to summarize or outline evidence. IBM and Microsoft believe that "demonstrative exhibits" and "demonstratives" also include any graphic, illustration, animation, tangible item or the like used to outline or summarize attorney argument. JuxtaComm believes that "demonstrative exhibits" and "demonstratives" do not include any graphic, illustration, animation, tangible item or the like used to outline or summarize attorney argument. Notice of the use of a demonstrative as required in paragraphs 3 and 4 below shall be accompanied by disclosure of the demonstrative exhibit, which means the exhibit shall be made available for inspection and a copy shall be provided to counsel for the other parties; copies may be 8.5 by 11 inch paper (or larger) and the

colors on the copies shall be true to the demonstrative itself. Such notice and disclosure may be made by email. The parties shall, using their best good faith efforts, confer in an attempt to resolve all disputes regarding demonstrative(s). If the parties cannot resolve the dispute, then the parties may present the dispute for resolution to the Court the morning the demonstrative is to be used.

3.      The parties shall identify and exchange demonstrative exhibits that will be used in opening statements by 3:00 p.m. the day before opening statements are scheduled to be given and shall exchange their objections to these demonstrative exhibits by 7:00 p.m. on the day the demonstratives are received. The parties agree that outlines and summaries of evidence to be used in opening statements, like all other demonstratives, shall be disclosed by 3:00 p.m. the day before opening statements are scheduled to be given so that the parties have an opportunity to review those summaries and outlines and lodge any objections. Any demonstrative not disclosed in accordance with this paragraph 3 may not be used during opening statements. Except that, JuxtaComm believes that summaries and outlines of attorney argument to be used in opening statements, unlike all other demonstratives, shall not be disclosed as provided herein. IBM and Microsoft, on the other hand, believe that summaries and outlines of attorney argument to be used in opening statements, like all other demonstratives, shall be disclosed as provided herein.

4.      By 7:00 p.m. the day before the demonstrative exhibits will be used on direct examination with a witness disclosed in accordance with paragraph 6 below, the parties shall identify and exchange demonstrative exhibits to be used on direct examination with that witness. The parties shall exchange objections to these demonstrative exhibits by 10:00 p.m. on the date the exhibits are received. Any demonstratives not disclosed in accordance with this paragraph 4 may not be used with the witness.

5.      The parties agree that notice of a party's intended use of blow-ups (enlargements) of admitted trial exhibits and of ballooning, excerption, highlighting, etc. of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intention to use the trial exhibit in accordance with paragraph 6 below. The parties also agree that prior notice of demonstratives created by hand during testimony need not be given.

**Witness Schedule**

6.      By 7:00 p.m. two calendar days before calling a witness in person at trial, the calling party shall notify opposing counsel in writing of its intention to call that witness and will provide a list of the exhibits to be used with that witness during direct examination. For example, if a party intends to call a witness on a Wednesday, it shall notify counsel by 7:00 p.m. Monday. Also, by way of example, if a party intends to call a witness on Monday, it shall notify counsel by 7:00 p.m. on Saturday. Any exhibit not included on the list of exhibits provided in accordance with this paragraph 6 may not be used with the witness on direct examination, except by leave of Court for good cause shown. Each party will make a good-faith effort to identify only those exhibits that it actually intends to use with that witness. The calling party shall not call a witness at trial unless so identified or unless the other party failed to inform the calling party that it intended to finish its case in accordance with paragraph 12 below. Counsel are admonished to give notice of witnesses and exhibits in a timely and good-faith manner and to accommodate in a good-faith manner the reasonable requests of opposing counsel for changes in witness scheduling.

7.      Only those documents that appear on an exhibit list may be offered into evidence at trial with any witness unless otherwise agreed by the parties or upon leave of the Court for

good cause shown. Any document not specifically identified on an exhibit list, including any deposition or prior testimony or portion thereof not specifically designated, and not offered into evidence, still may be used at trial for the purposes of impeachment, if otherwise competent for such purposes.

**Deposition Testimony**

8. In order to offer deposition testimony at trial, the party that seeks to play (or read) deposition testimony must in writing notify the opposing party of its intention to do so no later than 9:30 a.m. two calendar days before the offer. At the time a party provides notice of its intention to play (or read) deposition testimony, it will provide the other parties with a list of the deposition page and line numbers that it intends to play (or read), as well as a transcript or clip report of that testmony. By 9:30 p.m. two calendar days before the deposition testimony is to be read or played, the party against whom the deposition testimony will be offered will provide its counter-designations in the same format as described above and will identify any objections it wishes to maintain. By 9:30 a.m. the day before the deposition testimony is to be read or played, the offering party shall provide its objections and any rebuttal designations in the format described above, and the parties shall thereafter confer to resolve any objections. To the extent there are unresolved objections, they will be presented to the Court after the close of evidence on the day before the testimony is to be played or read, or otherwise as requested by the Court. If the deposition testimony is to be played or read, the party that seeks to use the deposition testimony must provide the opposing party, by 10:00 p.m. the day before the deposition testimony is to be played or read, a report of the actual testimony to be played or read, including all designations, counter-designations and rebuttal designations. The offering party may not play (or read) such testimony unless so identified.

9.    No party will designate more deposition testimony under this procedure than can be reasonably expected to be offered at trial on the day the deposition testimony is to be read or played.

10.    At trial, the designated testimony of a witness presented by deposition shall be played straight through in page and line order. For example, if a party designates deposition testimony, and the other party counter-designates testimony, both the designation and counter-designation will be read or played together in page and line order. JuxtaComm reserves the right to seek leave of Court to request a deviation from this procedure, i.e., upon permission of the Court, deposition testimony may be played without respect to page and line order. IBM and Microsoft object to the playing or reading of deposition testimony out of order. No objections or exchanges between counsel will be played. The time available for each party's presentation shall be reduced by the length of its designations, counter-designations, or rebuttal designations, as measured by actual elapsed time of each party's designated testimony in the case of designations played by video, or by the lines of testimony each party designates as a percentage of the total number of lines read or played in the case of designations that are read.

11.    Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.

12.    By 9:00 a.m. two days before it intends to rest its case, the resting party shall give the other party notice of its intention to rest. This notice is intended so that the parties have an opportunity to comply with the foregoing provisions of this Order.

## L. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)     Full and complete disclosure has been made in accordance with the

Federal Rules of Civil Procedure and the Court's orders; and

(2)     Discovery limitations set forth in the Federal Rules of Civil Procedure, the

Local Rules, and the Court's orders have been complied with and not

altered by agreement or otherwise;

**Approved as to form and substance:**

*R. Laurence Macon*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

STEVEN M. ZAGER
Texas State Bar No. 22241500
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Fax: (212) 872-1002

MICHAEL L. KIKLIS
District of Columbia Bar No. 462690
1333 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone:  (202) 887-4000
Fax:  (202) 887-4288

– and –

**LOCAL COUNSEL**

T. JOHN WARD, JR.
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF JUXTACOMM TECHNOLOGIES, INC.**


/s/ Kelly C. Hunsaker (by R. Laurence Macon with Permission)
FISH & RICHARDSON P.C.
Kelly C. Hunsaker
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone:    (650) 839-5070
Facsimile:     (650) 839-5071
hunsaker@fr.com

**ATTORNEY FOR DEFENDANT MICROSOFT CORPORATION**


/s/ John M. Desmarais (by R. Laurence Macon with Permission)
John M. Desmarais
Robert A. Appleby
James E. Marina
Kirkland & Ellis LLP
601 Lexington Avenue
New York , NY 10022
Telephone: (212)446-4971
Fax: (212)446-4900

Eric Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, Texas 75601
(903) 757-8449
(903) 758-7397 Facsimile

Marc Pensabene
Donald Curry
Joanna L. Garelick
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 218-2100
Fax: (212) 218-2200

**ATTORNEY FOR DEFENDANTS ASCENTIAL SOFTWARE CORPORATION and INTERNATIONAL BUSINESS MACHINES CORPORATION**

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2009.

_____
United States District Judge