**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **JUXTACOMM TECHNOLOGIES, INC.,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**ASCENTIAL SOFTWARE CORPORATION, et al.,**<br><br>　　　　Defendants. | Civil Action No. 2:07-CV-359 LED |

## DEFENDANT MICROSOFT CORPORATION'S SUR-REPLY IN OPPOSITION TO JUXTACOMM'S MOTION FOR SUMMARY JUDGMENT ON EQUITABLE AFFIRMATIVE DEFENSES

Plaintiff JuxtaComm makes frequent use of straw man arguments in an attempt to distract the Court from the legitimate factual disputes between the parties on the Defendants' equitable defenses. If the Court examines the evidence cited by both parties, it will see that Microsoft has support for each and every element of each equitable defense – laches, estoppel, waiver, and unclean hands. Because of the presence of these factual disputes, the Court should deny JuxtaComm's motion for summary judgment and consider these defenses on the merits.

### A. Laches and Estoppel

#### 1. Microsoft Has Put Forth Evidence of Economic and Evidentiary Prejudice

JuxtaComm first argues that Microsoft has not put forward sufficient evidence to establish the economic or evidentiary prejudice required to prove estoppel and laches. Rather than responding to the evidence Microsoft did cite in its opposition brief, JuxtaComm tries to re-frame the dispute by arguing, "Defendants allege that the delay has increased the damages they

must pay for infringement," and then cites a case that allegedly says such an argument is improper. Microsoft never said in its opposition that its prejudice was based solely on increased sales of the accused SQL Server software. Instead, Microsoft presented evidence that it developed the accused SQL Server Integration Services ("SSIS") feature as a replacement to the accused Data Transformation Services ("DTS") feature at the same time JuxtaComm was repeatedly representing that it had no intention to sue Microsoft. Making new investments in a product can constitute economic prejudice. *See Adelberg Laboratories, Inc. v. Miles, Inc.*, 921 F.2d 1267, 1272 (Fed. Cir. 1990); *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1043 (Fed. Cir. 1992) (en banc). Here, JuxtaComm never accused SSIS of infringing before this suit was filed, and Microsoft's investment in SSIS occurred while JuxtaComm was affirmatively representing that it would not sue Microsoft. This investment in SSIS is sufficient to satisfy the economic prejudice prong for both laches and estoppel.

JuxtaComm complains that the Defendants offer no evidence of "what they would have done" had JuxtaComm not delayed and repeatedly represented that it had no intent to sue. [Reply[1] at 3.] This is not the standard. Microsoft has shown through documents and testimony that JuxtaComm repeatedly said it would not enforce its patent against Microsoft, that Microsoft relied on those representations, and that Microsoft will suffer economic prejudice from its significant investments in changing from DTS to SSIS as a result of its detrimental reliance. [Opposition[2] at 5-12.] That is all that these defenses require, and Microsoft has put forward evidence that satisfies each of these elements.

---

[1] "Reply" refers to Plaintiff's Reply in Support of its Motion for Partial Summary Judgment on Defendants' Equitable Defenses.
[2] "Opposition" refers to Defendant Microsoft Corporation's Opposition to Plaintiff's Motion for Partial Summary Judgment on Equitable Defenses.

Finally, regarding evidentiary prejudice, JuxtaComm attempts to trivialize the Defendants' evidence by stating dismissively that, "one witness does not recall all the details of a meeting." What JuxtaComm ignores is that this "one witness" was the *named inventor* of the patent-in-suit, and that this one meeting was the *alleged conception meeting* where JuxtaComm claims it conceived of all the elements of its alleged invention. JuxtaComm apparently plans to use that meeting to argue that it can swear behind some of the Defendants' prior art, and yet named inventor Michael Doyle had no memory of what was said or what occurred at that meeting.

JuxtaComm again attempts to establish an impossible test by requiring proof that its inventor would have remembered facts in 2001 that he cannot remember now, but that is not the test for evidentiary prejudice. "Evidentiary, or 'defense' prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *Auckerman*, 960 F.2d at 1033. Defendants have put forward one compelling example of a failed memory, but additional examples may come to light as the parties present their evidence at trial, including evidence of prior art systems existing as early as 1993. The Court can only consider this evidentiary prejudice and its impact on this case after all evidence is presented at trial, and for that reason alone JuxtaComm's motion should be denied.

### 2. Reliance

JuxtaComm also argues that Microsoft did not rely on JuxtaComm's statements that it had no intent to sue Microsoft. This argument only applies to equitable estoppel, as reliance is not a requirement for the defense of laches, waiver or unclean hands. *See Id*. at 1032 & 1042. To support its argument of no reliance, JuxtaComm repeatedly points to Microsoft's privilege log, which JuxtaComm argues shows that Microsoft anticipated litigation with JuxtaComm

before this suit was filed. This argument is factually wrong. These entries had nothing to do with JuxtaComm or any anticipated litigation with JuxtaComm. JuxtaComm only cites to three entries on Microsoft's entire privilege log to support its assertion, but those entries refer to other "*ongoing* litigation" in February and March of 2007, months before this litigation was even filed.[3] [Reply, Ex. LL at 132-134.] None of these entries on Microsoft's privilege log say anything about JuxtaComm or anticipated litigation with JuxtaComm. None of the people on these entries were even allegedly involved in discussions with JuxtaComm – in fact the entries post-date any communications with JuxtaComm and pre-date this lawsuit. JuxtaComm therefore puts forward no evidence that Microsoft was anticipating litigation with *JuxtaComm* at any time before suit was filed, and JuxtaComm's own CEO admitted he told Microsoft he would not sue and gave Microsoft no warning before filing this suit.

### 3. The Laches Presumption

Finally, JuxtaComm argues that no presumption of laches applies in this case because JuxtaComm allegedly did not conduct a "technical analysis" of Microsoft's software. JuxtaComm cites this Court's decision in *i4i Ltd. v. Microsoft Corp.*, 2009 WL 2449024 (E.D. Tex. Aug. 11, 2009), for the proposition that the laches period does not begin until the date a party retained outside counsel and hired an expert to conduct an infringement and prior art analysis. [Reply at n.24.] *i4i* does not set any such requirement, and numerous cases have held that the period of delay simply runs from the time the plaintiff had actual or constructive notice of the allegedly infringing activity. *See, e.g., Auckerman*, 960 F.2d at 1035-36.

---

[3] Without waiving any privilege, all three entries relate to a different litigation, *Timeline Inc. v. ProClarity Corp. and Microsoft Corp.,* Case No. 05-1013-JLR (W.D. Wa. 2007). The *Timeline* litigation involved the same accused software as this case, Microsoft SQL Server, which is why these documents appeared in Microsoft's document collection for this case.

Finally, if the Court looks at the evidence Microsoft cited in its opposition, it will see that the inventors of the '662 patent in fact conducted a detailed technical analysis of the accused DTS software, including an analysis of whether it included features such as data bags and scripts. It does not matter that JuxtaComm did not retain counsel at the time; what matters is that JuxtaComm had intimate knowledge of Microsoft's DTS software – the same software accused in this case – and that it delayed for over six years before it filed this suit. That unreasonable delay means that a presumption of laches applies, and even if JuxtaComm attempts to rebut that presumption, it only creates additional factual disputes that the Court cannot resolve on summary judgment.

### B. Waiver

JuxtaComm argues that Microsoft has not raised a genuine issue of material fact regarding its defense of waiver. As an initial matter, JuxtaComm incorrectly states in a footnote that Defendants only argue "implied waiver." [Reply at n.34.] In fact, at least with respect to Microsoft, JuxtaComm repeatedly made express statements that it had no intention to sue on its patent. [Opposition at 12-13.] Microsoft therefore has a sufficient basis to assert both expressed and implied waiver.

JuxtaComm complains that Microsoft's waiver evidence is not "unequivocal." A statement from JuxtaComm's CEO that he would not sue Microsoft could not be any more "unequivocal," but in any event that is not the standard for summary judgment. Microsoft need only put forward evidence that JuxtaComm expressed an intent to relinquish its right to enforce its patent. Statements and documents from JuxtaComm stating that it had no intention to sue Microsoft are sufficient to support that inference, are attached to Microsoft's opposition, and are sufficient to defeat JuxtaComm's motion for summary judgment.

JuxtaComm finally states that the fact that Microsoft was contacted by an attorney shows that it should have known JuxtaComm would eventually enforce its patent rights. Yet all the contacts from JuxtaComm, regardless of who made them, carried the same message: JuxtaComm wanted to sell the company and had no intention to enforce its patent. JuxtaComm cites no case law for the proposition that an attorney cannot waive an intent to sue on behalf of his client. Finally, on summary judgment the Court cannot draw inferences on behalf of JuxtaComm. Because JuxtaComm made affirmative representations that it had no intention to sue on its patent, Microsoft has put forward sufficient evidence to support its waiver defense, and summary judgment should be denied.

### C. Unclean Hands

Microsoft argues that JuxtaComm has unclean hands because it dealt unfairly with Microsoft, using its patent to try and force Microsoft to purchase the company at over-inflated prices, and failing to offer a reasonable license for its patent alone. JuxtaComm uses a straw man argument to attack this theory by stating that, "any assertion that JuxtaComm, a small and financially troubled company was bullying a juggernaut company like Microsoft is absurd." Yet Microsoft never argued that JuxtaComm was a bully. What Microsoft said was that JuxtaComm did not deal with Microsoft fairly or honestly, and when Microsoft tried to evaluate JuxtaComm's purchase proposal, refused to provide Microsoft with the data and information that Microsoft needed to consider a purchase of its company. The delay that this caused, along with the unreasonable positions JuxtaComm has taken in this litigation regarding damages, directly result in the inflated and unrealistic damages figure that JuxtaComm now seeks. Because JuxtaComm was solely responsible for these actions, and because it acted unreasonably and not in good faith throughout its dealings with Microsoft, the Court should decline to give JuxtaComm any remedy. In any event, it should consider this defense on the totality of the trial

record. For these reasons, and for the reasons given in Microsoft's opposition brief, JuxtaComm's motion for summary judgment should be denied.

Dated: September 30, 2009

Respectfully submitted,

By: /s/ Kelly C. Hunsaker
Ruffin B. Cordell
Texas Bar No. 04820550
(e-mail: cordell@fr.com)
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Kelly C. Hunsaker (admitted pro hac vice)
(e-mail: hunsaker@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

W. Chad Shear
Texas State Bar No. 24013493
(e-mail: shear@fr.com)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Eric H. Findlay
Texas State Bar No. 00789886
(e-mail: efindlay@findlaycraft.com)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Counsel for Defendant
MICROSOFT CORPORATION

# **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 30, 2009, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                */s/ Kelly C. Hunsaker*
                Kelly C. Hunsaker

50676221